**JUDGE FURMAN**

John P. Margiotta
Laura Popp-Rosenberg
Alexander L. Greenberg
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York  10017
Tel:  (212) 813-5900
Email: jmargiotta@fzlz.com
          lpopp-rosenberg@fzlz.com
          agreenberg@fzlz.com

*Attorneys for Plaintiffs*

**12 CV 8216**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARTIER INTERNATIONAL AG;<br>CARTIER, a division of RICHEMONT<br>NORTH AMERICA, INC.;<br>VAN CLEEF & ARPELS, S.A. and<br>VAN CLEEF & ARPELS, a division of<br>RICHEMONT NORTH AMERICA, INC.,<br><br>                              Plaintiffs,<br><br>        v.<br><br>MOTION IN TIME, INC.,<br><br>                              Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Plaintiffs Cartier International AG; Cartier, a division of Richemont North America, Inc.

(individually and together, "Cartier"); Van Cleef & Arpels, S.A. and Van Cleef & Arpels, a

division of Richemont North America, Inc. (individually and together, "VCA") (all collectively

"Plaintiffs") for their Complaint against Defendant Motion in Time, Inc. ("Defendant"), allege as

follows:

{F1109358.1 }

## NATURE OF THE ACTION

1.      Plaintiffs are among the world's most renowned luxury jewelry and watch houses.

For decades, watches bearing the CARTIER and VAN CLEEF & ARPELS and related

trademarks (collectively, "Plaintiffs' Marks") have been highly regarded throughout the world as

finely crafted works of art.  Today, these names represent some of the world's most prestigious

and sought-after watch brands.

2.      Defendant operates a brick-and-mortar store in New York City, an online retail

site *motionintime.com* and an eBay store at *stores.ebay.com/Motion-in-Time*.  Through these

retail outlets, Defendant engages in unfair and deceptive business practices, including selling

used CARTIER and VAN CLEEF & ARPELS watches advertised as new.

3.      Defendant's actions, as noted above and as further described herein, are causing

immediate and irreparable harm to Plaintiffs and Plaintiffs' Marks, and are also harming

consumers.  To redress the harm being done to Plaintiffs and to the public, Plaintiffs bring claims

for false advertising and unfair competition under Section 43(a)(1)(A) and (B) of the United

States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1125(a)(1)(A) &

(B); trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and related

claims under New York's statutory and common law.  Plaintiffs seek injunctive and monetary

relief.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C.

§ 1121, under Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331,

1338(a) & (b), and under principles of pendent jurisdiction. Supplemental jurisdiction exists over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Defendant under New York Civil Practice Law and Rules §§ 301 and/or 302(a) because, upon information and belief, (i) Defendant is a New York Corporation; (ii) Defendant is domiciled in New York; and/or (iii) Defendant does continuous and systematic business in New York.

6.      Venue is proper in this District under Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), because Defendant resides in this District, and because a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

7.      Plaintiff Cartier International AG is a public limited company organized and existing under the laws of Switzerland, having its principal place of business at Hinterbergstrasse 22, 6330 Cham, Switzerland.

8.      Plaintiff Cartier, a division of Richemont North America, Inc., is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 653 Fifth Avenue, New York, New York 10022-5910. Cartier, a division of Richemont North America, Inc., is the exclusive distributor of CARTIER-branded products in the United States.

9.      Plaintiff Van Cleef & Arpels, S.A. is a corporation organized and existing under the laws of Switzerland, having a principal place of business at 8 Rue des Biches, 1752 Villars-sur-Glane, Switzerland.

10.     Plaintiff Van Cleef & Arpels, a division of Richemont North America, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 645 Fifth Avenue, 6th Floor, New York, New York 10022.

11.     Upon information and belief, Defendant is a New York corporation with a principal place of business at 56 West 47th Street, New York, New York, 10036.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**I.      PLAINTIFFS AND THEIR BUSINESSES**

A.      *Cartier and Its Marks*

12.     Cartier is a world-famous supplier of fine jewelry and luxury watches sold under the CARTIER name and mark.

13.     Founded in 1847 by Louis-François Cartier, Cartier has built a reputation for fine craftsmanship in the jewelry and watch-making field.  Through over 160 years of use, Cartier has built its CARTIER name and mark to be synonymous with high-quality, well-crafted luxury goods.  Today, the company offers for sale and sells a wide range of products including timepieces, fine jewelry, and accessories.  Cartier's commitment to innovation in design and function, as well as the use of only the finest materials, has brought it renown as a leading maker of luxury goods.

14.     Among Cartier's most recognizable products is its TANK watch.  Created by Louis Cartier and first introduced in 1919, Cartier TANK watches were inspired by military tank vehicles in use by the Allies during World War I.  Today, the TANK watch is one of the foremost emblems of Cartier, and comes in a variety of styles, all of which maintain the iconic body of the original:  the TANK Française, the TANK Américaine, the TANK Anglaise, the TANK Louis Cartier, and the TANK Solo.

15.     Among the trademarks owned and used by Cartier is the world-famous CARTIER trademark, which has been used continuously in the United States in connection with the advertising and sale of fine jewelry and watches since at least as early as 1909.  The CARTIER trademark is the subject of, among other registrations, U.S. Trademark Registration No. 759,201, registered on October 29, 1963, and, in stylized form, U.S. Trademark Registration No. 411,975, registered on February 13, 1945;  U.S. Trademark Registration No. 4,178,047, registered on July 24, 2012; and U.S. Trademark Registration No. 4,178,048, registered on July 24, 1012.  Printouts from the online database of the United States Patent and Trademark Office ("USPTO") showing the particulars of these registrations are attached hereto as **Exhibit A**.  These registrations are valid, subsisting and in full force and effect and serve as prima facie evidence of the validity of the CARTER mark and of Cartier's exclusive right to use the mark in commerce for the registered goods.  15 U.S.C. § 1057(b).  Further, U.S. Trademark Registration Nos. 759,201 and 411,975 are incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and therefore serve as conclusive evidence of the validity of the CARTIER mark, of the registration of the mark, and of Cartier's exclusive right to use the mark for the registered goods, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

16.     In addition to the world-famous CARTIER mark, Cartier uses numerous other trademarks in connection with its products, including, but not limited to, TANK.  The TANK trademark is the subject of U.S. Trademark Registration No. 1,006,321, registered on March 11, 1975.  A printout from the USPTO's online database showing the particulars of this registration is attached hereto as **Exhibit B**.  This registration is incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and therefore serves as conclusive evidence of the validity of the

TANK mark, of the registration of the mark, and of Cartier's exclusive right to use the mark for the registered goods.  15 U.S.C. § 1115(b).

17.     In addition to the TANK mark, Cartier owns trademarks in certain elements of the TANK watches themselves.  These include elements of the TANK Francaise watch, as follows:

| Mark | Reg. No. | Reg. Date | Registered Goods |
|------|----------|-----------|------------------|
|  | 3282847 | August 21, 2007 | Horologic and chronometric instruments, namely, watches |
|  | 3282846 | August 21, 2007 | Horologic and chronometric instruments, namely, watches |

Printouts from the online database of the USPTO showing the particulars of these registrations are attached hereto as **Exhibit C**.  These registrations are valid, subsisting and in full force and effect and serve as prima facie evidence of the validity of the registered marks and of Cartier's exclusive right to use the marks for the registered goods.  15 U.S.C. §1057(b).  Collectively, the marks shown in **Exhibits A, B** and **C** are referred to herein as the "CARTIER Marks."

18.     Cartier has extensively advertised and promoted the products manufactured, sold and offered for sale under the CARTIER Marks.  The CARTIER Marks immediately indicate Cartier as the exclusive source of products to which they are affixed, and signify goodwill of incalculable value.

19.     Cartier's products sold under the CARTIER Marks are available throughout the United States, both through Cartier's own boutiques and in additional authorized retail stores. Cartier sells millions of dollars of products under the CARTIER Marks each year.

20.     Cartier has expended large sums of money in advertising and promoting to the trade and to the public the CARTIER Marks and the products sold under those marks.

21.     Through Cartier's significant investment of time, money and effort, widespread sales, and the high quality of Cartier products sold under or in connection with its CARTIER Marks, the CARTIER Marks and the CARTIER trade name have acquired enormous value and have become extremely well-known to the consuming public and trade as identifying and distinguishing the source of Cartier's products exclusively and uniquely.  As a result of the great public acceptance of Cartier's products, the CARTIER Marks have come to represent enormous goodwill.

B.     *Van Cleef & Arpels and Its Marks*

22.     VCA is a world-famous supplier of fine jewelry and luxury watches sold under the VAN CLEEF & ARPELS brand name.

23.     Established in France in 1896, VCA and its predecessors-in-interest and associated companies have been doing business under the VAN CLEEF & ARPELS name and mark for more than 100 years, and in the United States since at least as early as 1939.  Since its inception, VCA has been known for its innovative, highly artistic and high-quality luxury jewelry and timepieces.

24.     Among the trademarks owned and used by VCA is the famous VAN CLEEF & ARPELS mark.  The VAN CLEEF & ARPELS mark is the subject of U.S. Trademark Registration No. 1,415,794, registered on November 4, 1986, for jewelry and watches, and U.S.

Trademark Registration No. 2,936,247, registered on March 29, 2005, for jewelry and watches, among other goods.  In addition, Van Cleef & Arpels, S.A. owns U.S. Trademark Registration No. 2,692,672 for the logo mark covering watches and watch bracelets, among other goods, registered on March 4, 2003:



Printouts from the online database of the USPTO showing the particulars of these registrations are attached hereto as **Exhibit D**.  The above registrations have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and therefore serve as conclusive evidence of the validity of the registered marks, of the registration of the marks, and of VCA's exclusive right to use the marks for the registered goods.  15 U.S.C. § 1115(b).

25.     In addition to the VAN CLEEF & ARPELS house mark and logo marks referenced above, VCA uses numerous additional marks in connection with its products.  One such mark is POETIC COMPLICATION, which VCA uses in connection with certain watches of exceptional artistry that combine stylistic inventiveness with technical virtuosity to evoke time's poetic dimension.  Van Cleef & Arpels, S.A. owns all right, title and interest in and to the POETIC COMPLICATION mark.

26.     Collectively, the marks referenced in Paragraphs 24 and 25 are referred to herein as the "VCA Marks."

27.     VCA has extensively advertised and promoted the products manufactured, sold and offered for sale under the VCA Marks.  The VCA Marks immediately indicate VCA as the exclusive source of products to which they are affixed, and signify goodwill of incalculable value.

28.     VCA's products are sold throughout the United States, both through VCA's own boutiques and in additional authorized retail stores.  VCA sells millions of dollars of products under the VCA Marks every year.

29.     VCA has expended large sums of money in advertising and promoting to the trade and the public the VCA Marks and the products sold under those marks.

30.     Through VCA's significant investment of time, money and effort, widespread sales, and the high quality of VCA products sold under or in connection with its VCA Marks, the VCA Marks and VAN CLEEF & ARPELS trade name have acquired enormous value and have become extremely well-known to the consuming public and trade as identifying and distinguishing the source of VCA's products exclusively and uniquely.  Because of the great public acceptance of VAN CLEEF & ARPELS-branded products, the VCA Marks and VAN CLEEF & ARPELS trade name have come to represent enormous goodwill.

B.     *Plaintiffs' Quality Control*

31.     Each Plaintiff maintains strict quality control over products bearing its marks.  To ensure product quality, Plaintiffs must necessarily exercise quality control over the entire process, from manufacturing to packaging, from distribution through sale and even through repair, when necessary.

32.     Plaintiffs take steps to ensure that the manufacturing process behind their products produces pieces of only the highest quality, befitting the companies' luxury image. Plaintiffs manufacture many of their products themselves.  For those pieces that are manufactured by third parties, Plaintiffs maintain the strictest quality control.  Before a workshop is permitted to craft products for any Plaintiff, it must pass through a rigorous vetting

process, and every single piece produced by a workshop is sent to a central control unit to ensure the piece's conformity to the Plaintiff's exacting standards.

33.     Once a manufactured piece has been approved as conforming to a Plaintiff's standards, the piece is marked not only with the Plaintiff's mark, but also with other indicia of authenticity, including a unique serial number.  The serial number allows Plaintiffs to track the origin, distribution, sales and repair history of each particular item, and is critical in protecting the marketplace from counterfeit products.  Plaintiffs' use of unique serial numbers on all of their products is important for maintaining the integrity of their products and, consequently, their brands.

34.     Having expended so much time and expense perfecting their products and quality control, Plaintiffs closely oversee the sales process to ensure that customers shopping for products bearing Plaintiffs' Marks experience those products the way they are meant to be experienced.  Toward that end, Plaintiffs authorize products bearing Plaintiffs' Marks to be sold only through Plaintiffs' own boutiques and through authorized retail stores.  Before a third-party retailer is permitted to sell such products, the relevant Plaintiff carefully reviews the retailer to ensure that it is capable of delivering a purchasing experience that matches the luxury image of the brand.

35.     Finally, to ensure that consumers remain satisfied with their purchases of products bearing Plaintiffs' Marks long after the initial sale is made, each product comes with an exclusive manufacturer's warranty from the relevant Plaintiff.  Because Plaintiffs cannot guarantee either the authenticity or handling of products that have been distributed or sold outside of their authorized sales channels, each Plaintiff only provides warrantied service for

products sold through its respective own boutiques or through authorized dealers. Thus, each piece is accompanied with a warranty booklet detailing the specific Plaintiff's warranty.

36.    As is demonstrated by the above description, Plaintiffs undertake considerable efforts to maintain the superior images associated with their respective brands.

## II.    DEFENDANT AND ITS BUSINESSES

37.    Defendant owns and operates both a retail shop located in New York City and two online stores, *motionintime.com* and *stores.ebay.com/Motion-in-Time* (together, the "Websites").

38.    Upon information and belief, through both its store and its Websites, Defendant sells high-end luxury watches, including watches bearing Plaintiffs' Marks. In connection with its offering for sale and sale of Plaintiffs' branded watches, Motion in Time lies to and misinforms its customers, as described further herein.

A.    *Defendant's Misrepresentations Concerning the Nature*
      *of its Watches Bearing the CARTIER Marks*

39.    On August 8, 2012, Cartier, through an agent, visited the Motion in Time store located at 56 West 47th Street, New York, New York, 10036. There, Cartier's agent asked to purchase a new, unused CARTIER TANK Française ladies steel watch. Defendant's employee presented Cartier's agent with a CARTIER TANK Française ladies steel watch bearing Serial No. 2384183460BB and represented that the watch was new. Cartier's agent purchased the watch. The watch was packaged in the distinctive Cartier red leather box, and the package included the manufacturer's warranty card stamped by an entity named Tiempo Latino in Argentina.

40.    Cartier investigated the watch's history, based on the watch's serial number, and conducted a thorough physical examination and inspection of the watch. Through this comprehensive process, Cartier determined – contrary to Defendant's representation that the

watch was new – that the CARTIER watch sold by Defendant to Cartier's agent was not new, but was instead used, damaged and refurbished.  In particular, Cartier's inspection revealed that the crystal was glued into the case using a method or materials that differ from those used by Cartier.  There is no question the watch was not in a new condition.

41.     Upon information and belief, Defendant also has sold to consumers other than Plaintiffs' agent used, damaged and/or refurbished watches bearing the CARTIER Marks while representing the watches as new.

42.     In fact, there would seem to be no way for Defendant to know whether the CARTIER-branded watches it offers for sale are new and unused, since only Cartier can certify whether their products are new and unused, and Defendant has no relationship with Cartier and does not acquire any watches directly from Cartier.

B.     *Defendant's Misrepresentations Concerning the Nature of its Watches Bearing the VCA Marks*

43.     On July 19, 2012, VCA, through an agent, visited Defendant's store located at 56 West 47th Street, New York, New York, 10036.  There, VCA's agent asked to view the VAN CLEEF & ARPELS lady POETIC COMPLICATION Centenaire Four Seasons gold watch. Defendant's employee presented VCA's agent with a VAN CLEEF & ARPELS lady POETIC COMPLICATION Centenaire Four Seasons gold watch, Series No. 73 and Serial No. HH3606. Defendant's employee represented the watch to be "brand new."  VCA's agent noted the series and serial numbers but did not purchase the watch.

44.     Defendant has also listed the VAN CLEEF & ARPELS lady POETIC COMPLICATION Centenaire Four Seasons on its eBay store site as "New with tags" and has further advertised the watch through its eBay store as "brand new."  *See* **Exhibit E.**

45.    VCA investigated the watch's history, based on the watch's series and serial numbers.  Through this process, VCA determined – contrary to Defendant's assertions that the watch was "brand" new – that the VAN CLEEF & ARPELS watch shown by Defendant to VCA's agent was sold by VCA to a customer for a gift on February 18, 2009.  VCA was further able to determine that VCA employees had observed that customer's gift recipient wearing the VCA watch at issue at an event.  Therefore, the VAN CLEEF & ARPELS watch offered for sale by Defendant as "brand new" was previously sold, previously worn, and not in a "brand new" condition.

46.    Upon information and belief, Defendant also has sold or offered for sale to consumers other than Plaintiffs' agent used, damaged and/or refurbished watches bearing the VCA Marks while representing the watches as new.

47.    In fact, there would seem to be no way for Defendant to know whether the VAN CLEEF & ARPELS-branded watches it offers for sale are new and unused, since only VCA can certify whether their products are new and unused, and Defendant has no relationship with VCA and does not acquire any watches directly from VCA.

## III.    EFFECT OF DEFENDANT'S UNLAWFUL ACTIVITIES

48.    The CARTIER and VAN CLEEF & ARPELS watches offered by Defendant are materially different than the watches sold by Plaintiff and their authorized distributors, and Defendant has undertaken activities in connection with its sale of such watches that misrepresent the nature and quality of the products.

49.    Upon information and belief, the purpose of Defendant's deceptive practices is to heighten the appeal of Defendant's goods in the eyes of consumers.

50.     Upon information and belief, the effects of Defendant's actions have been to damage the prestige of the CARTIER Marks and VCA Marks in the minds of consumers, and to deceive consumers into believing that there is no material difference between CARTIER and VAN CLEEF & ARPELS products sold by Plaintiffs and their authorized dealers and those sold by Defendant.

51.     Defendant's sale and offering for sale of used CARTIER and VAN CLEEF & ARPELS watches, while falsely representing to customers and prospective customers that such watches are new, is likely to deceive, confuse and mislead consumers into thinking that Defendant's CARTIER and VAN CLEEF & ARPELS branded watches are identical to their authentically distributed counterparts when this is not the case.  The likelihood of confusion, mistake and deception engendered by Defendant's sale of materially different CARTIER & VAN CLEEF & ARPELS products is causing irreparable harm to Plaintiffs and the goodwill associated with Plaintiffs' Marks.

52.     Due to the misrepresentations made by Defendant in connection with its offering and sale of CARTIER and VAN CLEEF & ARPELS branded products, purchasers perceiving a defect, lack of quality or any impropriety association with products sold by Defendant are likely to mistakenly attribute such defects to Plaintiffs.

53.     Upon information and belief, Defendant knows, and at all relevant times knew, that it was selling used products that materially differ from CARTIER and VAN CLEEF & ARPELS products distributed through authorized channels, and knew, too, that consumers were likely to believe, based on Defendant's representations, that the products are identical to CARTIER and VAN CLEEF & ARPELS watches sold through authorized channels, when in fact they are not.

62.     Defendant's conduct described herein is willful and in violation of Section 43(a)(2) of the Lanham Act, 15 U.S.C. § 1125(a)(2).

63.     Defendant's conduct described herein is causing immediate and irreparable injury to Plaintiffs and to their goodwill and reputation, and will continue to damage Plaintiffs unless enjoined by this Court.

64.     Defendant's aforesaid deceptive conduct is also deceiving and harming the public, and will continue to deceive and harm the public unless enjoined by this Court.

65.     Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF:
## FEDERAL TRADEMARK INFRINGEMENT THROUGH SALE OF
## MATERIALLY DIFFERENT PRODUCTS IN VIOLATION OF 15 U.S.C. § 1114(1)

66.     Plaintiffs repeat and reallege paragraphs 1 through 65 as if fully set forth herein.

67.     By selling and distributing used, damaged and/or refurbished watches bearing Plaintiffs' Marks as "new," Defendant has sold and distributed watches under Plaintiffs' Marks that materially differ from Plaintiffs' products authorized for sale as new by Plaintiffs.

68.     No Plaintiff has authorized Defendant to sell or distribute its products, including, but not limited to, the materially different watches sold and distributed by Defendant.

69.     The sale of materially different products under Plaintiffs' Marks by Defendant deprives Plaintiffs of the ability to ensure the luxury quality of products bearing Plaintiffs' Marks and to maintain the prestige associated with Plaintiffs' brands.

70.     Defendant's unauthorized sale of materially different products is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendant's materially different products bearing Plaintiffs' Marks, as the public is likely to believe that the sale of such products has been approved by Plaintiffs when such sales have not been so approved.

71.     Defendant's sale of materially different products under Plaintiffs' Marks constitutes a false designation of origin and false description or representation that Defendant's sale of such products is authorized by Plaintiffs and therefore constitutes an infringement of Plaintiffs' Marks.

72.     Upon information and belief, Defendant's infringement of Plaintiffs' federally-registered marks is willful and deliberate and undertaken with the intent to reap the benefit of the goodwill of Plaintiffs and of their federally-registered marks and the goodwill and reputation associated with these marks.  Defendant's actions described herein violate Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

73.     The aforesaid conduct of Defendant is causing immediate and irreparable injury to Plaintiffs and to their goodwill and reputation, and will continue to damage Plaintiffs unless enjoined by this Court.

74.     Defendant's aforesaid conduct is also deceiving and harming the public, and will continue to deceive and harm the public unless enjoined by this Court.

75.     Plaintiffs have no adequate remedy at law.

**THIRD CLAIM FOR RELIEF:**
**UNFAIR COMPETITION THROUGH SALE OF**
**MATERIALLY DIFFERENT PRODUCTS**
**IN VIOLATION OF 15 U.S.C. § 1125(a)(1)(A)**

76.     Plaintiffs repeat and reallege paragraphs 1 through 75 as if fully set forth herein.

77.     By selling and distributing used, damaged and/or refurbished watches bearing Plaintiffs' Marks as "new," Defendant has sold and distributed watches under Plaintiffs' Marks that materially differ from Plaintiffs' products authorized for sale as new by Plaintiffs.

78.     No Plaintiff has authorized Defendant to sell or distribute its products, including, but not limited to, the materially different watches sold and distributed by Defendant.

79.     The sale of materially different products under Plaintiffs' Marks by Defendant deprives Plaintiffs of the ability to ensure the luxury quality of products bearing Plaintiffs' Marks and to maintain the prestige associated with Plaintiffs' brands.

80.     Defendant's sale of materially different products under Plaintiffs' Marks constitutes a false designation of origin and false description or representation that Defendant's sale of such products is authorized by Plaintiffs, and therefore constitutes unfair competition and infringement of Plaintiffs' Marks.

81.     Upon information and belief, Defendant's acts of unfair competition are willful and deliberate and undertaken with the intent to reap the benefit of the goodwill and reputation associated with Plaintiffs' Marks.

82.     Defendant's actions described herein violate Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

83.     The aforesaid conduct of Defendant is causing immediate and irreparable injury to Plaintiffs and to their goodwill and reputation, and will continue to damage Plaintiffs unless enjoined by this Court.

84.     Defendant's aforesaid conduct is also deceiving and harming the public, and will continue to deceive and harm the public unless enjoined by this Court.

85.     Plaintiffs have no adequate remedy at law.

<div align="center">

**FOURTH CLAIM FOR RELIEF:**
**FEDERAL TRADEMARK DILUTION THROUGH SALE OF**
**MATERIALLY DIFFERENT PRODUCTS**
**IN VIOLATION OF 15 U.S.C. § 1125(c)**

</div>

86.     Plaintiffs repeat and reallege paragraphs 1 through 85 as if fully set forth herein.

87.     As a result of extensive use and promotion of the CARTIER mark and the goods and services offered thereunder by Cartier for more than 100 years, the CARTIER mark is

famous throughout the United States, is highly distinctive of Cartier's goods and services, and is widely recognized among the consuming public as a designation of source of Cartier's goods and services.

88.     As a result of extensive use and promotion of the VAN CLEEF & ARPELS mark and the goods and services offered thereunder by VCA for more than 70 years, the VAN CLEEF & ARPELS mark is famous throughout the United States, is highly distinctive of VCA's goods and services, and is widely recognized among the consuming public as a designation of source of VCA's goods and services.

89.     The CARTIER and VAN CLEEF & ARPELS marks became famous long before Defendant commenced its activities described herein.

90.     Defendant's commercial use of the CARTIER and VAN CLEEF & ARPELS marks for goods that are materially different from authorized CARTIER and VAN CLEEF & ARPELS products has diluted and is likely to dilute the distinctive quality of the CARTIER and VAN CLEEF & ARPELS marks by impairing the distinctiveness of those marks, thereby lessening the capacity of those marks to exclusively identify and distinguish Cartier and VCA, respectively, and by tarnishing Plaintiffs through association with Defendant's materially different goods.  Through Defendant's acts, Plaintiffs' reputation has been removed from their power and control, in that deficiencies in or complaints about Motion in Time's goods bearing the CARTIER and VAN CLEEF & ARPELS marks will redound to the harm of respective Plaintiffs.

91.     Upon information and belief, the foregoing acts were done willfully and deliberately and with an intent to dilute the distinctiveness of the CARTIER and VAN CLEEF & ARPELS marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

92.     Defendant's conduct described herein is causing immediate and irreparable injury to Plaintiffs and to their goodwill and reputation, and will continue to damage Plaintiffs unless enjoined by this Court.

93.     Defendant's aforesaid conduct is also deceiving and harming the public, and will continue to deceive and harm the public unless enjoined by this Court.

94.     Plaintiffs have no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF:
### FALSE ADVERTISING IN VIOLATION OF N.Y. GEN. BUS. LAW § 350

95.     Plaintiffs repeat and reallege paragraphs 1 through 94 as if fully set forth herein.

96.     As set out above, Defendant has engaged in advertising that is misleading in a material respect.

97.     Upon information and belief, Defendant engaged in false advertising in order to induce consumers to purchase unauthorized products under Plaintiffs' Marks from Defendant.

98.     Defendant's actions constitute false advertising in violation of Section 350 of the New York General Business Law.

99.     Defendant's conduct described herein is causing immediate and irreparable injury to Plaintiffs and to their goodwill and reputation, and will continue to damage Plaintiffs unless enjoined by this Court.

100.     Defendant's aforesaid conduct is also deceiving and harming the public, and will continue to deceive and harm the public unless enjoined by this Court.

101.     Plaintiffs have no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF:
### UNFAIR COMPETITION THROUGH THE SALE OF
### MATERIALLY DIFFERENT PRODUCTS
### IN VIOLATION OF THE COMMON LAW OF NEW YORK

102.   Plaintiffs repeat and reallege paragraphs 1 through 101 as if fully set forth herein.

103.   Defendant has sold and distributed watches under the Plaintiffs' Marks that materially differ from Plaintiffs' products authorized for sale by Plaintiffs.

104.   No Plaintiff has authorized Defendant to sell or to distribute its products, including, but not limited to, the materially different watches sold and distributed by Defendant.

105.   The sale of materially different products under Plaintiffs' Marks by Defendant deprives Plaintiffs of the ability to ensure the luxury quality of products bearing Plaintiffs' Marks and to maintain the prestige associated with Plaintiffs' brands.

106.   Defendant's sale of materially different products under Plaintiffs' Marks constitutes a false designation of origin and false description or representation that Defendant's sale of such products is authorized by Plaintiffs.

107.   Upon information and belief, Defendant's acts of unfair competition described herein are willful and deliberate and undertaken with an intent to reap the benefit of the goodwill and reputation associated with Plaintiffs' Marks.

108.   Defendant's actions described herein constitute unfair competition under the common law of the State of New York.

109.   The aforesaid conduct of Defendant is causing immediate and irreparable injury to Plaintiffs and to their goodwill and reputation, and will continue to damage Plaintiffs and deceive the public unless enjoined by this Court.

110.   Defendant's aforesaid conduct is also deceiving and harming the public, and will continue to deceive and harm the public unless enjoined by this Court.

111.   Plaintiffs have no adequate remedy at law.

### SEVENTH CLAIM FOR RELIEF:
### TRADEMARK DILUTION THROUGH THE SALE OF
### MATERIALLY DIFFERENT PRODUCTS
### IN VIOLATION OF N.Y. GEN. BUS. LAW § 360-*l*

112.   Plaintiffs repeat and reallege paragraphs 1 through 111 as if fully set forth herein.

113.   The CARTIER mark is a distinctive trademark.

114.   The VAN CLEEF & ARPELS mark is a distinctive trademark.

115.   Defendant's commercial use of the CARTIER and VAN CLEEF & ARPELS marks for goods that are materially different from Plaintiffs' authorized products has diluted and is likely to dilute the distinctive quality of the CARTIER and VAN CLEEF & ARPELS marks by lessening the capacity of these marks to exclusively identify and distinguish the respective Plaintiff and its goods and services, and by tarnishing Plaintiffs through association with Defendant's materially different goods.  Through Defendant's acts, Plaintiffs' reputation has been removed from their power and control, in that deficiencies in or complaints about Defendant's goods bearing the CARTIER and VAN CLEEF & ARPELS marks will redound to the harm of respective Plaintiff.

116.   Upon information and belief, the foregoing acts were done willfully and deliberately and with an intent to dilute the distinctiveness of the CARTIER and VAN CLEEF & ARPELS marks in violation of Section 360-*l* of the New York General Business Law.

117.   Defendant's conduct described herein is causing immediate and irreparable injury to Plaintiffs and their CARTIER and VAN CLEEF & ARPELS marks, and will continue to damage Plaintiffs unless enjoined by this Court.

118.   Defendant's aforesaid conduct is also deceiving and harming the public, and will continue to deceive and harm the public unless enjoined by this Court.

119. Plaintiffs have no adequate remedy at law.

**EIGHTH CLAIM FOR RELIEF:
DECEPTIVE TRADE PRACTICES
IN VIOLATION OF N.Y. GEN. BUS. LAW § 349**

120. Plaintiffs repeat and reallege paragraphs 1 through 119 as if fully set forth herein.

121. By reason of the acts set forth above, Defendant has been and is engaged in deceptive acts or practices in the conduct of a business, trade or commerce, in violation of Section 349 of the New York General Business Law.

122. Upon information and belief, Defendant's conduct is willful.

123. Upon information and belief, by reason of the deception caused by the acts set forth above, the public has been and is being damaged.

124. Defendant's conduct described herein is causing immediate and irreparable injury to Plaintiffs and to their goodwill and reputation, and will continue to damage Plaintiffs unless enjoined by this Court.

125. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs demand judgment as follows:

126. That a permanent injunction be issued enjoining Defendant, any of its respective officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns, and all those persons in concert or participation with any of them who receive actual notice of the order by personal service or otherwise, from:

(a) using any false designation of origin or false or misleading representation of fact, or performing any act, which can, or is likely to, lead members of the trade or

public to believe that Defendant is associated with any of Plaintiffs or that

Plaintiffs authorize, license, sponsor or otherwise approve the sale or distribution

of CARTIER- or VAN CLEEF & ARPELS-branded products by Defendant;

(b)    using any false or misleading representations of fact, or performing any act, which

can, or is likely to, lead members of the trade or public to hold false beliefs

concerning the nature, qualities or characteristics of the CARTIER- or VAN

CLEEF & ARPELS-branded products advertised, promoted, offered for sale, sold

or distributed by Defendant;

(c)    using any of Plaintiffs' trademarks or trade names, including, but not limited to,

those identified in the Complaint, or any simulation, reproduction, copy, colorable

imitation or confusingly similar variation of any of Plaintiffs' trademarks or trade

names on or in connection with any advertisement, promotion, offering for sale, sale,

or distribution of CARTIER- or VAN CLEEF & ARPELS-branded products that

differ in any material way from CARTIER- or VAN CLEEF & ARPELS-branded

products offered or sold through authorized channels;

(d)    processing, packaging, importing or transporting any CARTIER- or VAN CLEEF

& ARPELS-branded products that differ in any material way from CARTIER- or

VAN CLEEF & ARPELS-branded products offered or sold through authorized

channels;

(e)    engaging in any other activity constituting unfair competition with Plaintiffs, or

constituting an infringement of any of Plaintiffs' trademarks or trade names or

trade dress;

(f)     engaging in any activity that dilutes or tarnishes, or is likely to dilute or tarnish, any of Plaintiffs' trademarks or trade names; or

(g)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above or taking any action that contributes to any of the activities referred to in subparagraphs (a) through (f) above.

127.    That Defendant be directed to take such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods advertised, promoted, offered, sold or distributed by Defendant are authorized by Plaintiffs or are identical to goods advertised, promoted, offered, sold or distributed through authorized retailers.

128.    That Defendant be ordered to, at its own expense, immediately deliver up for destruction its entire inventory of goods bearing any of Plaintiffs' Marks that differ materially from authorized goods, including, but not limited to, goods that are advertised as "new," when, in fact, they are used.

129.    That Plaintiffs be awarded monetary relief, including Defendant's profits; Plaintiffs' actual damages; trebled damages and/or increased profits as provided by 15 U.S.C. § 1117(a); trebled profits or damages and punitive and/or enhanced damages as provided for under applicable law.

130.    That Plaintiffs be awarded interest, including pre-judgment interest, on the foregoing sums.

131.    That Plaintiffs be awarded their costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a) and other applicable laws.

132.   That Plaintiffs be awarded such other and further relief as the Court may deem just and proper.

Dated: November 7, 2012                FROSS ZELNICK LEHRMAN & ZISSU, P.C.

                                       By _____
                                            John P. Margiotta
                                            Laura Popp-Rosenberg
                                            Alexander L. Greenberg
                                       866 United Nations Plaza
                                       New York, New York  10017
                                       Tel: (212) 813-5900
                                       Email:  jmargiotta@fzlz.com
                                               lpopp-rosenberg@fzlz.com
                                               agreenberg@fzlz.com

                                       *Attorneys for Plaintiffs*

EXHIBIT A

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2012-11-09 14:00:54 EST |
| **Mark:** | CARTIER |

| | | | |
|---|---|---|---|
| **US Serial Number:** | 72146163 | **Application Filing Date:** | Jun. 08, 1962 |
| **US Registration Number:** | 759201 | **Registration Date:** | Oct. 29, 1963 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **Status:** | The registration has been renewed. | | |
| **Status Date:** | Sep. 12, 2003 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | CARTIER |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 1 - TYPESET WORD(S) /LETTER(S) /NUMBER(S) |
| **Acquired Distinctiveness Claim:** | In whole |

## Related Properties Information

| | |
|---|---|
| **Claimed Ownership of US Registrations:** | 0411975 |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- • Brackets [..] indicate deleted goods/services;
- • Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- • Asterisks *..* identify additional (new) wording in the goods/services.

| | |
|---|---|
| **For:** | Watches and Clocks |

| | | | |
|---|---|---|---|
| **International Class:** | 014 | **U.S Class:** | 027 - Primary Class |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | 1859 | **Use in Commerce:** | 1859 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | CARTIER INTERNATIONAL A.G. |
| **Owner Address:** | HINTERBERGSTRASSE 22, POSTFACH 61<br>6312 STEINHAUSEN<br>SWITZERLAND |
| **Legal Entity Type:** | CORPORATION |
| **State or Country Where Organized:** | SWITZERLAND |

## Attorney/Correspondence Information

### Attorney of Record - None

### Correspondent

**Correspondent Name/Address:**   ?

### Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|

| | |
|---|---|
| Aug. 30, 2010 | NOTICE OF SUIT |
| Aug. 04, 2010 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP |
| Dec. 16, 2009 | NOTICE OF SUIT |
| Jan. 27, 2009 | CASE FILE IN TICRS |
| Oct. 04, 2006 | ASSIGNMENT OF OWNERSHIP NOT UPDATED AUTOMATICALLY |
| Aug. 30, 2006 | REVIEW OF CORRESPONDENCE COMPLETE          67149 |
| Sep. 29, 2003 | PAPER RECEIVED |
| Sep. 12, 2003 | REGISTERED AND RENEWED (SECOND RENEWAL - 10 YRS) |
| Sep. 12, 2003 | REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED |
| Jun. 23, 2003 | REGISTERED - COMBINED SECTION 8 (10-YR) & SEC. 9 FILED |
| Jun. 23, 2003 | PAPER RECEIVED |
| Oct. 25, 1984 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. |
| Oct. 29, 1983 | REGISTERED AND RENEWED (FIRST RENEWAL - 20 YRS) |
| Oct. 11, 1983 | REGISTERED AND RENEWED (FIRST RENEWAL - 20 YRS) |

## Maintenance Filings or Post Registration Information

| | |
|---|---|
| **Affidavit of Continued Use:** | Section 8 - Accepted |
| **Affidavit of Incontestability:** | Section 15 - Accepted |
| **Renewal Date:** | Oct. 29, 2003 |

## TM Staff and Location Information

### TM Staff Information - None

### File Location

**Current Location:** POST REGISTRATION          **Date in Location:** Mar. 11, 2009

# Assignment Abstract of Title Information

## Summary

| | | | |
|---|---|---|---|
| **Total Assignments:** | 5 | **Registrant:** | CARTIER, INC. |

**Assignment 1 of 5**

| | |
|---|---|
| **Conveyance:** | CERTIFIED COPY OF MERGER FILED IN THE OFFICE OF THE SECRETARY OF STATE OF DELAWARE, SHOWING MERGER OF ASSIGNORS AND CHANGE OF NAME OF THE SURVIVING CORPORATION ON JULY 26, 1976, EFFECTIVE JULY 30, 1976. |
| **Reel/Frame:** | 0294/0453     **Pages:**   5 |
| **Date Recorded:** | Sep. 15, 1976 |
| **Supporting Documents:** | No Supporting Documents |

## Assignor

| | | | |
|---|---|---|---|
| **Name:** | CARTIER, INCORPORATED, -MERGED INTO- | **Execution Date:** | Aug. 04, 1976 |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | NEW YORK |

| | | | |
|---|---|---|---|
| **Name:** | GHI CORP., -CHANGED TO- | **Execution Date:** | Not Found |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | DELAWARE |

## Assignee

| | | | |
|---|---|---|---|
| **Name:** | CARTIER, INCORPORATED | | |
| **Legal Entity Type:** | UNKNOWN | **State or Country Where Organized:** | No Place Where Organized Found |
| **Address:** | No Assignee Address Found | | |

## Correspondent

| | |
|---|---|
| **Correspondent Name:** | JAMES L. BIKOFF, ESQ. |
| **Correspondent** | CARTIER, INCORPORATED<br>653 FIFTH AVENUE |

**Address:** NEW YORK, NY 10022

## Domestic Representative - Not Found

### Assignment 2 of 5

| | |
|---|---|
| **Conveyance:** | ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL |
| **Reel/Frame:** | 0827/0110     **Pages:**   7 |
| **Date Recorded:** | Oct. 02, 1991 |
| **Supporting Documents:** | No Supporting Documents |

### Assignor

| | | |
|---|---|---|
| **Name:** | CARTIER, INCORPORATED | **Execution Date:** Apr. 24, 1991 |
| **Legal Entity Type:** CORPORATION | **State or Country Where Organized:** | DELAWARE |

### Assignee

| | |
|---|---|
| **Name:** | CARTIER INTERNATIONAL, INC. |
| **Legal Entity Type:** CORPORATION | **State or Country Where Organized:**   DELAWARE |
| **Address:** | 2 EAST 52ND STREET<br>NEW YORK, NEW YORK |

### Correspondent

| | |
|---|---|
| **Correspondent Name:** | KATHYRN JENNISON SHULTZ |
| **Correspondent Address:** | ELLSWORTH M. JENNISON<br>CRYSTAL PLAZA #1-SUITE 704<br>2001 JEFFERSON DAVIS HIGHWAY<br>ARLINGTON, VA 22202 |

## Domestic Representative - Not Found

### Assignment 3 of 5

| | |
|---|---|
| **Conveyance:** | ASSIGNS THE ENTIRE RIGHT, TITLE AND INTEREST; EFFECTIVE JANUARY 1, 1990. |
| **Reel/Frame:** | 0827/0117     **Pages:**   7 |
| **Date Recorded:** | Oct. 02, 1991 |
| **Supporting Documents:** | No Supporting Documents |

## Assignor

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL, INC. | **Execution Date:** | Apr. 25, 1991 |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | DELAWARE |

## Assignee

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL, B.V. | | |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | NETHERLANDS |
| **Address:** | HERENGRACHT 436 AMSTERDAM-C, NETHERLANDS | | |

## Correspondent

| | |
|---|---|
| **Correspondent Name:** | KATHRYN JENNISON SHULTZ |
| **Correspondent Address:** | ELLSWORTH M. JENNISON CRYSTAL PLAZA #1-SUITE 704 2001 JEFFERSON DAVIS HIGHWAY ARLINGTON, VA 22202 |

## Domestic Representative - Not Found

**Assignment 4 of 5**

| | | | |
|---|---|---|---|
| **Conveyance:** | ASSIGNS THE ENTIRE INTEREST | | |
| **Reel/Frame:** | 3400/0443 | **Pages:** | 23 |
| **Date Recorded:** | Sep. 11, 2006 | | |
| **Supporting Documents:** | assignment-tm-3400-0443.pdf | | |

## Assignor

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL B.V. | **Execution Date:** | Oct. 31, 2005 |
| **Legal Entity Type:** | COMPANY-EQUIVALENT + US CORP. | **State or Country Where Organized:** | No Place Where Organized Found |

## Assignee

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL N.V. | | |
| **Legal Entity Type:** | COMPANY - US EQUIR. CORPORATION | **State or Country Where Organized:** | No Place Where Organized Found |

| | |
|---|---|
| **Address:** | SCHARLOOWEG 33<br>CURACAO, NETHERLANDS ANTILLES |

## Correspondent

| | |
|---|---|
| **Correspondent Name:** | HELEN M. O'SHAUGHNESSY |
| **Correspondent Address:** | 2 EAST 52 STREET<br>NEW YORK N.Y 10022 |

### Domestic Representative - Not Found

**Assignment 5 of 5**

---

| | |
|---|---|
| **Conveyance:** | CHANGE OF NAME |
| **Reel/Frame:** | 4252/0184 |
| **Date Recorded:** | Aug. 02, 2010 |
| **Supporting Documents:** | assignment-tm-4252-0184.pdf |

**Pages:** 12

## Assignor

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL N.V. | **Execution Date:** | Dec. 14, 2009 |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | NETHERLANDS ANTILLES |

## Assignee

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL A.G. | | |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | SWITZERLAND |
| **Address:** | HINTERBERGSTRASSE 22, POSTFACH 61<br>6312 STEINHAUSEN, SWITZERLAND | | |

## Correspondent

| | |
|---|---|
| **Correspondent Name:** | MILTON SPRINGUT |
| **Correspondent Address:** | 488 MADISON AVENUE<br>19 FL<br>NEW YORK, NY 10022 |

### Domestic Representative - Not Found

Generated on 2012-11-09T14:01:15.631-05:00

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2012-11-09 14:01:15 EST |
| **Mark:** | CARTIER |

*Cartier*

| | | | |
|---|---|---|---|
| **US Serial Number:** | 71471859 | **Application Filing Date:** | Jul. 01, 1944 |
| **US Registration Number:** | 411975 | **Registration Date:** | Feb. 13, 1945 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **Status:** | The registration has been renewed. | | |
| **Status Date:** | Jan. 05, 2005 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | CARTIER |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 5 - AN ILLUSTRATION DRAWING WITH WORD(S) /LETTER(S)/ NUMBER(S) INSTYLIZED FORM |

## Related Properties Information

| | |
|---|---|
| **Publish Previously Registered Mark:** | Yes |
| **Previously Registered Mark Publication Date:** | Apr. 06, 1965 |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- • Brackets [..] indicate deleted goods/services;
- • Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit

of incontestability; and
- • Asterisks *..* identify additional (new) wording in the goods/services.

| | |
|---|---|
| **For:** | Watches and Clocks and Wrist Watches with Wrist Straps and Bracelets Attached for Securing the Same on the Wrist of the Wearer, and Traveling Clocks and Watches with Covers of Leather, Fabric and the Like for Protecting Them While Traveling |
| **International Class:** | 014 |
| **Class Status:** | ACTIVE |
| **Basis:** | 1(a) |
| **First Use:** | 1859 |

**U.S Class:** 027 - Primary Class

**Use in Commerce:** 1859

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | CARTIER INTERNATIONAL A.G. |
| **Owner Address:** | HINTERBERGSTRASSE 22, POSTFACH 61 6312 STEINHAUSEN SWITZERLAND |
| **Legal Entity Type:** | CORPORATION |

**State or Country Where Organized:** SWITZERLAND

## Attorney/Correspondence Information

### Attorney of Record

**Attorney Name:** Lawrence E. Apolzon

### Correspondent

|                                | Lawrence E. Apolzon |
|--------------------------------|---------------------|
| **Correspondent Name/Address:** | Fross Zelnick Lehrman & Zissu, P.C. |
|                                | 866 United Nations Plaza |
|                                | NEW YORK, NEW YORK 10017 |
|                                | UNITED STATES |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|------|-------------|-------------------|
| Jul. 11, 2011 | AMENDMENT UNDER SECTION 7 - ISSUED | 64591 |
| May 20, 2011 | TEAS SECTION 7 REQUEST RECEIVED | |
| Aug. 04, 2010 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Dec. 16, 2009 | NOTICE OF SUIT | |
| Jan. 27, 2009 | CASE FILE IN TICRS | |
| Oct. 04, 2006 | ASSIGNMENT OF OWNERSHIP NOT UPDATED AUTOMATICALLY | |
| Jan. 05, 2005 | REGISTERED AND RENEWED (THIRD RENEWAL - 10 YRS) | |
| Jan. 05, 2005 | REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED | |
| Nov. 17, 2004 | REGISTERED - COMBINED SECTION 8 (10-YR) & SEC. 9 FILED | |
| Nov. 17, 2004 | PAPER RECEIVED | |
| Sep. 29, 2003 | PAPER RECEIVED | |
| Feb. 13, 1985 | REGISTERED AND RENEWED (SECOND RENEWAL - 20 YRS) | |
| Aug. 20, 1984 | REGISTERED - SEC. 9 FILED/CHECK RECORD FOR SEC. 8 | |

## Maintenance Filings or Post Registration Information

| | |
|---|---|
| **Affidavit of Continued Use:** | Section 8 - Accepted |
| **Affidavit of Incontestability:** | Section 15 - Accepted |

| | |
|---|---|
| **Renewal Date:** | Feb. 13, 2005 |
| **Change in Registration:** | Yes |
| **Amendment to a Registration/Renewal Certificate:** | The drawing is amended to appear as follows: PUBLISH CUT |

## TM Staff and Location Information

### TM Staff Information - None

### File Location

| | | | |
|---|---|---|---|
| **Current Location:** | Not Found | **Date in Location:** | Sep. 30, 2011 |

## Assignment Abstract of Title Information

### Summary

| | | | |
|---|---|---|---|
| **Total Assignments:** | 5 | **Registrant:** | Cartier, Inc. |

**Assignment 1 of 5**

| | |
|---|---|
| **Conveyance:** | CERTIFIED COPY OF MERGER FILED IN THE OFFICE OF THE SECRETARY OF STATE OF DELAWARE, SHOWING MERGER OF ASSIGNORS AND CHANGE OF NAME OF THE SURVIVING CORPORATION ON JULY 26, 1976, EFFECTIVE JULY 30, 1976. |
| **Reel/Frame:** | 0294/0453 | **Pages:** | 5 |
| **Date Recorded:** | Sep. 15, 1976 |
| **Supporting Documents:** | No Supporting Documents |

### Assignor

| | | | |
|---|---|---|---|
| **Name:** | CARTIER, INCORPORATED, -MERGED INTO- | **Execution Date:** | Aug. 04, 1976 |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | NEW YORK |

| | | | |
|---|---|---|---|
| **Name:** | GHI CORP., -CHANGED TO- | **Execution Date:** | Not Found |
| | | **State or Country** | |

| | |
|---|---|
| **Legal Entity Type:** | CORPORATION |

| | |
|---|---|
| **Where Organized:** | DELAWARE |

## Assignee

| | |
|---|---|
| **Name:** | CARTIER, INCORPORATED |

| | | | |
|---|---|---|---|
| **Legal Entity Type:** | UNKNOWN | **State or Country Where Organized:** | No Place Where Organized Found |

| | |
|---|---|
| **Address:** | No Assignee Address Found |

## Correspondent

| | |
|---|---|
| **Correspondent Name:** | JAMES L. BIKOFF, ESQ. |

| | |
|---|---|
| **Correspondent Address:** | CARTIER, INCORPORATED 653 FIFTH AVENUE NEW YORK, NY 10022 |

## Domestic Representative - Not Found

**Assignment 2 of 5**

| | |
|---|---|
| **Conveyance:** | ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL |

| | | | |
|---|---|---|---|
| **Reel/Frame:** | 0827/0110 | **Pages:** | 7 |

| | |
|---|---|
| **Date Recorded:** | Oct. 02, 1991 |

| | |
|---|---|
| **Supporting Documents:** | No Supporting Documents |

## Assignor

| | | | |
|---|---|---|---|
| **Name:** | CARTIER, INCORPORATED | **Execution Date:** | Apr. 24, 1991 |

| | | | |
|---|---|---|---|
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | DELAWARE |

## Assignee

| | |
|---|---|
| **Name:** | CARTIER INTERNATIONAL, INC. |

| | | | |
|---|---|---|---|
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | DELAWARE |

| | |
|---|---|
| **Address:** | 2 EAST 52ND STREET NEW YORK, NEW YORK |

## Correspondent

| | |
|---|---|
| **Correspondent Name:** | KATHYRN JENNISON SHULTZ |

|                          |                                                                                                  |
| ------------------------ | ------------------------------------------------------------------------------------------------ |
| **Correspondent Address:** | ELLSWORTH M. JENNISON<br>CRYSTAL PLAZA #1-SUITE 704<br>2001 JEFFERSON DAVIS HIGHWAY<br>ARLINGTON, VA 22202 |

### Domestic Representative - Not Found

## Assignment 3 of 5

| | |
| --- | --- |
| **Conveyance:** | ASSIGNS THE ENTIRE RIGHT, TITLE AND INTEREST; EFFECTIVE JANUARY 1, 1990. |
| **Reel/Frame:** | 0827/0117 **Pages:** 7 |
| **Date Recorded:** | Oct. 02, 1991 |
| **Supporting Documents:** | No Supporting Documents |

### Assignor

| | | | |
| --- | --- | --- | --- |
| **Name:** | CARTIER INTERNATIONAL, INC. | **Execution Date:** | Apr. 25, 1991 |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | DELAWARE |

### Assignee

| | | | |
| --- | --- | --- | --- |
| **Name:** | CARTIER INTERNATIONAL, B.V. | | |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | NETHERLANDS |
| **Address:** | HERENGRACHT 436<br>AMSTERDAM-C, NETHERLANDS | | |

### Correspondent

| | |
| --- | --- |
| **Correspondent Name:** | KATHRYN JENNISON SHULTZ |
| **Correspondent Address:** | ELLSWORTH M. JENNISON<br>CRYSTAL PLAZA #1-SUITE 704<br>2001 JEFFERSON DAVIS HIGHWAY<br>ARLINGTON, VA 22202 |

### Domestic Representative - Not Found

## Assignment 4 of 5

| | |
| --- | --- |
| **Conveyance:** | ASSIGNS THE ENTIRE INTEREST |
| **Reel/Frame:** | 3400/0443 **Pages:** 23 |
| **Date Recorded:** | Sep. 11, 2006 |

| | |
|---|---|
| **Supporting Documents:** | assignment-tm-3400-0443.pdf |

### Assignor

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL B.V. | **Execution Date:** | Oct. 31, 2005 |
| **Legal Entity Type:** | COMPANY-EQUIVALENT + US CORP. | **State or Country Where Organized:** | No Place Where Organized Found |

### Assignee

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL N.V. | | |
| **Legal Entity Type:** | COMPANY - US EQUIR. CORPORATION | **State or Country Where Organized:** | No Place Where Organized Found |
| **Address:** | SCHARLOOWEG 33 CURACAO, NETHERLANDS ANTILLES | | |

### Correspondent

| | |
|---|---|
| **Correspondent Name:** | HELEN M. O'SHAUGHNESSY |
| **Correspondent Address:** | 2 EAST 52 STREET NEW YORK N.Y 10022 |

### Domestic Representative - Not Found

**Assignment 5 of 5**

| | | | |
|---|---|---|---|
| **Conveyance:** | CHANGE OF NAME | | |
| **Reel/Frame:** | 4252/0184 | **Pages:** | 12 |
| **Date Recorded:** | Aug. 02, 2010 | | |
| **Supporting Documents:** | assignment-tm-4252-0184.pdf | | |

### Assignor

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL N.V. | **Execution Date:** | Dec. 14, 2009 |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | NETHERLANDS ANTILLES |

### Assignee

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL A.G. | | |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | SWITZERLAND |

**Address:** HINTERBERGSTRASSE 22, POSTFACH 61
6312 STEINHAUSEN, SWITZERLAND

## Correspondent

**Correspondent Name:** MILTON SPRINGUT

**Correspondent Address:** 488 MADISON AVENUE
19 FL
NEW YORK, NY 10022

## Domestic Representative - Not Found

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2012-11-09 14:01:39 EST |
| **Mark:** | CARTIER |

*Cartier*

| | | | |
|---|---|---|---|
| **US Serial Number:** | 85345798 | **Application Filing Date:** | Jun. 14, 2011 |
| **US Registration Number:** | 4178047 | **Registration Date:** | Jul. 24, 2012 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **Status:** | Registered. The registration date is used to determine when post-registration maintenance documents are due. | | |
| **Status Date:** | Jul. 24, 2012 | | |
| **Publication Date:** | May 08, 2012 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | CARTIER |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 5 - AN ILLUSTRATION DRAWING WITH WORD(S) /LETTER(S)/ NUMBER(S) INSTYLIZED FORM |
| **Description of Mark:** | The mark consists of the stylized word "CARTIER". |
| **Color(s) Claimed:** | Color is not claimed as a feature of the mark. |
| **Acquired Distinctiveness Claim:** | In whole |

## Related Properties Information

| | |
|---|---|
| **Claimed Ownership of US Registrations:** | 0411239,0411240,0411975,and others |

# Goods and Services

**Note:**

The following symbols indicate that the registrant/owner has amended the goods/services:

- • Brackets [..] indicate deleted goods/services;
- • Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- • Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Jewelry and watches | | |
| **International Class:** | 014 - Primary Class | **U.S Class:** | 002, 027, 028, 050 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | 1999 | **Use in Commerce:** | 1999 |

# Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

# Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | Cartier International A.G. |
| **Owner Address:** | Hinterbergstrasse 22, Postfach 61 6312 Steinhausen SWITZERLAND |
| **Legal Entity Type:** | CORPORATION |
| **State or Country Where Organized:** | SWITZERLAND |

# Attorney/Correspondence Information

## Attorney of Record

| | | | |
|---|---|---|---|
| **Attorney Name:** | Lawrence E. Apolzon | **Docket Number:** | CART 1102760 |

## Correspondent

| | |
|---|---|
| **Correspondent Name/Address:** | LAWRENCE E. APOLZON<br>FROSS ZELNICK LEHRMAN & ZISSU, P.C.<br>866 UNITED NATIONS PLZ<br>NEW YORK, NEW YORK 10017-1822<br>UNITED STATES |

| | | | |
|---|---|---|---|
| **Phone:** | 212-813-5900 | **Fax:** | 212-813-5901 |

## Domestic Representative

| | | | |
|---|---|---|---|
| **Domestic Representative Name:** | Fross Zelnick Lehrman & Zissu, P.C. | **Phone:** | 212-813-5900 |
| **Fax:** | 212-813-5901 | | |

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Jul. 24, 2012 | REGISTERED-PRINCIPAL REGISTER | |
| May 08, 2012 | PUBLISHED FOR OPPOSITION | |
| Apr. 18, 2012 | NOTICE OF PUBLICATION | |
| Mar. 30, 2012 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 70138 |
| Mar. 30, 2012 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Mar. 28, 2012 | TEAS/EMAIL CORRESPONDENCE ENTERED | 70138 |
| Mar. 28, 2012 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 70138 |
| Mar. 20, 2012 | ASSIGNED TO LIE | 70138 |
| Mar. 06, 2012 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Oct. 03, 2011 | NON-FINAL ACTION MAILED | |
| Oct. 03, 2011 | NON-FINAL ACTION WRITTEN | 81853 |
| Sep. 26, 2011 | ASSIGNED TO EXAMINER | 81853 |
| Jun. 18, 2011 | NOTICE OF PSEUDO MARK MAILED | |
| Jun. 17, 2011 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Jun. 17, 2011 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

### TM Staff Information - None

### File Location

**Current Location:**   PUBLICATION AND ISSUE
SECTION                      **Date in Location:**   Jul. 24, 2012

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2012-11-09 14:02:04 EST |
| **Mark:** | CARTIER |

CARTIER

| | | | |
|---|---|---|---|
| **US Serial Number:** | 85345811 | **Application Filing Date:** | Jun. 14, 2011 |
| **US Registration Number:** | 4178048 | **Registration Date:** | Jul. 24, 2012 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **Status:** | Registered. The registration date is used to determine when post-registration maintenance documents are due. | | |
| **Status Date:** | Jul. 24, 2012 | | |
| **Publication Date:** | May 08, 2012 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | CARTIER |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 5 - AN ILLUSTRATION DRAWING WITH WORD(S) /LETTER(S)/ NUMBER(S) INSTYLIZED FORM |
| **Description of Mark:** | The mark consists of the stylized word "CARTIER". |
| **Color(s) Claimed:** | Color is not claimed as a feature of the mark. |
| **Acquired Distinctiveness Claim:** | In whole |

## Related Properties Information

| | |
|---|---|
| **Claimed Ownership of US Registrations:** | 0411240,0411975,0759201,0759202 |

## Goods and Services

**Note:**

The following symbols indicate that the registrant/owner has amended the goods/services:

- • Brackets [..] indicate deleted goods/services;
- • Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- • Asterisks *..* identify additional (new) wording in the goods/services.

|  |  |  |  |
|---|---|---|---|
| **For:** | Watches | | |
| **International Class:** | 014 - Primary Class | **U.S Class:** | 002, 027, 028, 050 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | 1909 | **Use in Commerce:** | 1909 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | Cartier International A.G. |
| **Owner Address:** | Hinterbergstrasse 22, Postfach 61<br>6312 Steinhausen<br>SWITZERLAND |
| **Legal Entity Type:** | CORPORATION |
| **State or Country Where Organized:** | SWITZERLAND |

## Attorney/Correspondence Information

### Attorney of Record

| | | | |
|---|---|---|---|
| **Attorney Name:** | Lawrence E. Apolzon | **Docket Number:** | CART 1105148 |

## Correspondent

| | |
|---|---|
| **Correspondent Name/Address:** | LAWRENCE E. APOLZON<br>FROSS ZELNICK LEHRMAN & ZISSU, P.C.<br>866 UNITED NATIONS PLZ<br>NEW YORK, NEW YORK 10017-1822<br>UNITED STATES |

| | | | |
|---|---|---|---|
| **Phone:** | 212-813-5900 | **Fax:** | 212-813-5901 |

## Domestic Representative

| | | | |
|---|---|---|---|
| **Domestic Representative Name:** | Fross Zelnick Lehrman & Zissu, P.C. | **Phone:** | 212-813-5900 |
| **Fax:** | 212-813-5901 | | |

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Jul. 24, 2012 | REGISTERED-PRINCIPAL REGISTER | |
| May 08, 2012 | PUBLISHED FOR OPPOSITION | |
| Apr. 18, 2012 | NOTICE OF PUBLICATION | |
| Mar. 31, 2012 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 74221 |
| Mar. 28, 2012 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Mar. 27, 2012 | TEAS/EMAIL CORRESPONDENCE ENTERED | 74221 |
| Mar. 27, 2012 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 74221 |
| Mar. 21, 2012 | ASSIGNED TO LIE | 74221 |
| Mar. 06, 2012 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Oct. 03, 2011 | NON-FINAL ACTION MAILED | |
| Oct. 03, 2011 | NON-FINAL ACTION WRITTEN | 81853 |
| Sep. 26, 2011 | ASSIGNED TO EXAMINER | 81853 |
| Jun. 17, 2011 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Jun. 17, 2011 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

**Current Location:** PUBLICATION AND ISSUE SECTION          **Date in Location:** Jul. 24, 2012

EXHIBIT B

Generated on 2012-11-09T14:02:41.616-05:00

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2012-11-09 14:02:41 EST |
| **Mark:** | TANK |

| | | | |
|---|---|---|---|
| **US Serial Number:** | 73009465 | **Application Filing Date:** | Dec. 26, 1973 |
| **US Registration Number:** | 1006321 | **Registration Date:** | Mar. 11, 1975 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **Status:** | The registration has been renewed. | | |
| **Status Date:** | Jan. 26, 2005 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | TANK |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 1 - TYPESET WORD(S) /LETTER(S) /NUMBER(S) |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- • Brackets [..] indicate deleted goods/services;
- • Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- • Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | WATCHES | | |
| **International Class:** | 014 - Primary Class | **U.S Class:** | 027 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | 1918 | **Use in Commerce:** | 1918 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | CARTIER INTERNATIONAL A.G. |
| **Owner Address:** | HINTERBERGSTRASSE 22, POSTFACH 61<br>6312 STEINHAUSEN<br>SWITZERLAND |

| | | | |
|---|---|---|---|
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | SWITZERLAND |

## Attorney/Correspondence Information

### Attorney of Record

| | |
|---|---|
| **Attorney Name:** | HELEN M. O'SHAUGHNESSY |

### Correspondent

| | |
|---|---|
| **Correspondent Name/Address:** | HELEN M OSHAUGHNESSY<br>2 E 52ND ST<br>NEW YORK, NEW YORK 10022<br>UNITED STATES |

### Domestic Representative

| | |
|---|---|
| **Domestic Representative Name:** | HELEN M. O'SHAUGHNESSY |

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Aug. 04, 2010 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |

| | |
|---|---|
| Oct. 25, 2007 | CASE FILE IN TICRS |
| Oct. 04, 2006 | ASSIGNMENT OF OWNERSHIP NOT UPDATED AUTOMATICALLY |
| Jan. 26, 2005 | REGISTERED AND RENEWED (SECOND RENEWAL - 10 YRS) |
| Jan. 26, 2005 | REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED |
| Dec. 06, 2004 | REGISTERED - COMBINED SECTION 8 (10-YR) & SEC. 9 FILED |
| Dec. 06, 2004 | PAPER RECEIVED |
| Sep. 29, 2003 | PAPER RECEIVED |
| Jul. 06, 1995 | REGISTERED AND RENEWED (FIRST RENEWAL - 10 YRS) |
| Apr. 20, 1995 | REGISTERED - SEC. 9 FILED/CHECK RECORD FOR SEC. 8 |
| Apr. 20, 1995 | REGISTERED - SEC. 9 FILED/CHECK RECORD FOR SEC. 8 |
| Apr. 07, 1992 | REGISTERED - SEC. 15 ACKNOWLEDGED |
| Dec. 13, 1991 | REGISTERED - SEC. 15 AFFIDAVIT FILED |
| Jul. 27, 1981 | REGISTERED - SEC. 8 (6-YR) ACCEPTED |

## Maintenance Filings or Post Registration Information

| | |
|---|---|
| **Affidavit of Continued Use:** | Section 8 - Accepted |
| **Affidavit of Incontestability:** | Section 15 - Accepted |
| **Renewal Date:** | Mar. 11, 2005 |

## TM Staff and Location Information

### TM Staff Information - None

### File Location

**Current Location:** SCANNING ON DEMAND   **Date in Location:** Oct. 25, 2007

## Assignment Abstract of Title Information

## Summary

| | | | |
|---|---|---|---|
| **Total Assignments:** | 5 | **Registrant:** | CARTIER, INCORPORATED |

**Assignment 1 of 5**

| | |
|---|---|
| **Conveyance:** | CERTIFIED COPY OF MERGER FILED IN THE OFFICE OF THE SECRETARY OF STATE OF DELAWARE, SHOWING MERGER OF ASSIGNORS AND CHANGE OF NAME OF THE SURVIVING CORPORATION ON JULY 26, 1976, EFFECTIVE JULY 30, 1976. |

| | | | |
|---|---|---|---|
| **Reel/Frame:** | 0294/0453 | **Pages:** | 5 |
| **Date Recorded:** | Sep. 15, 1976 | | |
| **Supporting Documents:** | No Supporting Documents | | |

## Assignor

| | | | |
|---|---|---|---|
| **Name:** | CARTIER, INCORPORATED, -MERGED INTO- | **Execution Date:** | Aug. 04, 1976 |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | NEW YORK |

| | | | |
|---|---|---|---|
| **Name:** | GHI CORP., -CHANGED TO- | **Execution Date:** | Not Found |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | DELAWARE |

## Assignee

| | | | |
|---|---|---|---|
| **Name:** | CARTIER, INCORPORATED | | |
| **Legal Entity Type:** | UNKNOWN | **State or Country Where Organized:** | No Place Where Organized Found |
| **Address:** | No Assignee Address Found | | |

## Correspondent

| | |
|---|---|
| **Correspondent Name:** | JAMES L. BIKOFF, ESQ. |
| **Correspondent Address:** | CARTIER, INCORPORATED 653 FIFTH AVENUE NEW YORK, NY 10022 |

**Domestic Representative - Not Found**

**Assignment 2 of 5**

| | |
|---|---|
| **Conveyance:** | ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL |
| **Reel/Frame:** | 0827/0110 |
| **Date Recorded:** | Oct. 02, 1991 |
| **Supporting Documents:** | No Supporting Documents |

**Pages:** 7

### Assignor

| | | | |
|---|---|---|---|
| **Name:** | CARTIER, INCORPORATED | **Execution Date:** | Apr. 24, 1991 |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | DELAWARE |

### Assignee

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL, INC. | | |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | DELAWARE |
| **Address:** | 2 EAST 52ND STREET NEW YORK, NEW YORK | | |

### Correspondent

| | |
|---|---|
| **Correspondent Name:** | KATHYRN JENNISON SHULTZ |
| **Correspondent Address:** | ELLSWORTH M. JENNISON CRYSTAL PLAZA #1-SUITE 704 2001 JEFFERSON DAVIS HIGHWAY ARLINGTON, VA 22202 |

**Domestic Representative - Not Found**

**Assignment 3 of 5**

| | |
|---|---|
| **Conveyance:** | ASSIGNS THE ENTIRE RIGHT, TITLE AND INTEREST; EFFECTIVE JANUARY 1, 1990. |
| **Reel/Frame:** | 0827/0117 |
| **Date Recorded:** | Oct. 02, 1991 |
| **Supporting Documents:** | No Supporting Documents |

**Pages:** 7

### Assignor

CARTIER

| | | | |
|---|---|---|---|
| **Name:** | INTERNATIONAL, INC. | **Execution Date:** | Apr. 25, 1991 |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | DELAWARE |

## Assignee

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL, B.V. | | |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | NETHERLANDS |
| **Address:** | HERENGRACHT 436 AMSTERDAM-C, NETHERLANDS | | |

## Correspondent

| | |
|---|---|
| **Correspondent Name:** | KATHRYN JENNISON SHULTZ |
| **Correspondent Address:** | ELLSWORTH M. JENNISON CRYSTAL PLAZA #1-SUITE 704 2001 JEFFERSON DAVIS HIGHWAY ARLINGTON, VA 22202 |

### Domestic Representative - Not Found

**Assignment 4 of 5**

| | | | |
|---|---|---|---|
| **Conveyance:** | ASSIGNS THE ENTIRE INTEREST | | |
| **Reel/Frame:** | 3400/0443 | **Pages:** | 23 |
| **Date Recorded:** | Sep. 11, 2006 | | |
| **Supporting Documents:** | assignment-tm-3400-0443.pdf | | |

## Assignor

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL B.V. | **Execution Date:** | Oct. 31, 2005 |
| **Legal Entity Type:** | COMPANY-EQUIVALENT + US CORP. | **State or Country Where Organized:** | No Place Where Organized Found |

## Assignee

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL N.V. | | |
| **Legal Entity Type:** | COMPANY - US EQUIR. CORPORATION | **State or Country Where Organized:** | No Place Where Organized Found |
| **Address:** | SCHARLOOWEG 33 CURACAO, NETHERLANDS ANTILLES | | |

## Correspondent

| | |
|---|---|
| **Correspondent Name:** | HELEN M. O'SHAUGHNESSY |
| **Correspondent Address:** | 2 EAST 52 STREET<br>NEW YORK N.Y 10022 |

### Domestic Representative - Not Found

**Assignment 5 of 5**

| | | | |
|---|---|---|---|
| **Conveyance:** | CHANGE OF NAME | | |
| **Reel/Frame:** | 4252/0184 | **Pages:** | 12 |
| **Date Recorded:** | Aug. 02, 2010 | | |
| **Supporting Documents:** | assignment-tm-4252-0184.pdf | | |

## Assignor

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL N.V. | **Execution Date:** | Dec. 14, 2009 |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | NETHERLANDS ANTILLES |

## Assignee

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL A.G. | | |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | SWITZERLAND |
| **Address:** | HINTERBERGSTRASSE 22, POSTFACH 61<br>6312 STEINHAUSEN, SWITZERLAND | | |

## Correspondent

| | |
|---|---|
| **Correspondent Name:** | MILTON SPRINGUT |
| **Correspondent Address:** | 488 MADISON AVENUE<br>19 FL<br>NEW YORK, NY 10022 |

### Domestic Representative - Not Found

EXHIBIT C

Generated on 2012-11-09T14:03:09.827-05:00

**Generated on:** This page was generated by TSDR on 2012-11-09 14:03:09 EST

**Mark:**



| | | | |
|---|---|---|---|
| **US Serial Number:** | 78853203 | **Application Filing Date:** | Apr. 04, 2006 |
| **US Registration Number:** | 3282847 | **Registration Date:** | Aug. 21, 2007 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **Status:** | Registered. The registration date is used to determine when post-registration maintenance documents are due. | | |
| **Status Date:** | Aug. 21, 2007 | | |
| **Publication Date:** | Feb. 20, 2007 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | None |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 2 - AN ILLUSTRATION DRAWING WITHOUT ANY WORDS(S)/ LETTER(S)/NUMBER(S) |
| **Description of Mark:** | The mark consists of a configuration of a watch case with a square face, the case framing the watch consists of thin horizontal brancards and thick concave vertical brancards, both formed of the case metal at each corner the vertical brancards are elongated beyond the bottom and top of the watch case, and end in inwardly angled corners; the vertical brancards are beveled to slope downward laterally from the inside to the outside (they are sometimes decorated with jewels); the elongated brancard corners frame the end links in the bracelet chain or the end of the watch strap; Art Deco Roman numerals |

incline conform to the angle direction of the watch hands at such time as the hands are juxtaposed to that numeral; an octagonal winding crown with cabochon; and a chapter ring/minute guide on the watch face located between the center of the dial and the numerals.

| | |
|---|---|
| **Disclaimer:** | "the numbers 1-12 or the watch hands" |
| **Acquired Distinctiveness Claim:** | In whole |
| **Design Search Code(s):** | 17.01.01 - Pocket watches;Wristwatches;Watches;Stop watches |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- • Brackets [..] indicate deleted goods/services;
- • Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- • Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Horologic and chronometric instruments, namely, watches | | |
| **International Class:** | 014 - Primary Class | **U.S Class:** | 002, 027, 028, 050 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Jun. 15, 1996 | **Use in Commerce:** | Jun. 15, 1996 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | CARTIER INTERNATIONAL A.G. |
| **Owner Address:** | HINTERBERGSTRASSE 22, POSTFACH 61<br>6312 STEINHAUSEN<br>SWITZERLAND |

| | | | |
|---|---|---|---|
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | SWITZERLAND |

## Attorney/Correspondence Information

### Attorney of Record

**Attorney Name:** Laura E. Smith

### Correspondent

| | |
|---|---|
| **Correspondent Name/Address:** | LAURA E SMITH<br>KALOW & SPRINGUT LLP<br>488 MADISON AVE FL 19<br>NEW YORK, NEW YORK 10022-5706<br>UNITED STATES |

| | | | |
|---|---|---|---|
| **Phone:** | 212-813-1600 | **Fax:** | 212-813-9600 |

### Domestic Representative

| | | | |
|---|---|---|---|
| **Domestic Representative Name:** | Laura E. Smith | **Phone:** | 212-813-1600 |
| **Fax:** | 212-813-9600 | | |

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Aug. 04, 2010 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Aug. 21, 2007 | REGISTERED-PRINCIPAL REGISTER | |
| Jul. 06, 2007 | EXTENSION OF TIME TO OPPOSE PROCESS - TERMINATED | |
| Feb. 20, 2007 | EXTENSION OF TIME TO OPPOSE RECEIVED | |
| Feb. 20, 2007 | PUBLISHED FOR OPPOSITION | |
| Jan. 31, 2007 | NOTICE OF PUBLICATION | |

| | | |
|---|---|---|
| Dec. 29, 2006 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 74221 |
| Dec. 19, 2006 | ASSIGNED TO LIE | 74221 |
| Dec. 04, 2006 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Oct. 19, 2006 | AMENDMENT FROM APPLICANT ENTERED | 77075 |
| Sep. 22, 2006 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 77075 |
| Sep. 22, 2006 | PAPER RECEIVED | |
| Aug. 17, 2006 | NON-FINAL ACTION MAILED | |
| Aug. 16, 2006 | NON-FINAL ACTION WRITTEN | 78067 |
| Aug. 04, 2006 | ASSIGNED TO EXAMINER | 78067 |
| Apr. 20, 2006 | NOTICE OF DESIGN SEARCH CODE MAILED | |
| Apr. 05, 2006 | PAPER RECEIVED | |
| Apr. 07, 2006 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

### TM Staff Information - None

### File Location

**Current Location:** PUBLICATION AND ISSUE SECTION          **Date in Location:** Aug. 21, 2007

## Assignment Abstract of Title Information

### Summary

| | | | |
|---|---|---|---|
| **Total Assignments:** | 1 | **Registrant:** | Cartier International N.V. |

**Assignment 1 of 1**

| | |
|---|---|
| **Conveyance:** | CHANGE OF NAME |
| **Reel/Frame:** | 4252/0184 |
| **Date Recorded:** | Aug. 02, 2010 |
| **Supporting Documents:** | assignment-tm-4252-0184.pdf |

**Pages:** 12

### Assignor

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL N.V. | **Execution Date:** | Dec. 14, 2009 |

| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | NETHERLANDS ANTILLES |

## Assignee

**Name:** CARTIER INTERNATIONAL A.G.

| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | SWITZERLAND |

**Address:** HINTERBERGSTRASSE 22, POSTFACH 61
6312 STEINHAUSEN, SWITZERLAND

## Correspondent

**Correspondent Name:** MILTON SPRINGUT

**Correspondent Address:** 488 MADISON AVENUE
19 FL
NEW YORK, NY 10022

## Domestic Representative - Not Found

**Generated on:**   This page was generated by TSDR on 2012-11-09 14:03:30 EST

**Mark:**



| | | | |
|---|---|---|---|
| **US Serial Number:** | 78853190 | **Application Filing Date:** | Apr. 04, 2006 |
| **US Registration Number:** | 3282846 | **Registration Date:** | Aug. 21, 2007 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **Status:** | Registered. The registration date is used to determine when post-registration maintenance documents are due. | | |
| **Status Date:** | Aug. 21, 2007 | | |
| **Publication Date:** | Feb. 20, 2007 | | |

---

# Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | None |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 2 - AN ILLUSTRATION DRAWING WITHOUT ANY WORDS(S)/ LETTER(S)/NUMBER(S) |
| **Description of Mark:** | The mark consists of a configuration of a watch case with a square face, the case framing the watch consists of thin horizontal brancards and thick concave vertical brancards, both formed of the case metal at each corner the vertical brancards are elongated beyond the bottom and top of the watch case, and end in inwardly angled corners; the vertical brancards are beveled to slope downward laterally from the inside to the outside (they are sometimes decorated with jewels); the elongated brancard corners frame the end links in the bracelet chain or the end of the watch strap; Art Deco Roman numerals |

incline conform to the angle direction of the watch hands at such time as the hands are juxtaposed to that numeral; an octagonal winding crown with cabochon; and a chapter ring/minute guide on the watch face located between the center of the dial and the numerals.

| | |
|---|---|
| **Disclaimer:** | the representation of the numbers 1-12 or the watch hands |
| **Acquired Distinctiveness Claim:** | In whole |
| **Design Search Code(s):** | 17.01.01 - Pocket watches;Wristwatches;Watches;Stop watches |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- • Brackets [..] indicate deleted goods/services;
- • Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- • Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Horologic and chronometric instruments, namely, watches | | |
| **International Class:** | 014 - Primary Class | **U.S Class:** | 002, 027, 028, 050 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Jun. 15, 1996 | **Use in Commerce:** | Jun. 15, 1996 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | CARTIER INTERNATIONAL A.G. |
| **Owner Address:** | HINTERBERGSTRASSE 22, POSTFACH 61 6312 STEINHAUSEN SWITZERLAND |

| | | | |
|---|---|---|---|
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | SWITZERLAND |

## Attorney/Correspondence Information

### Attorney of Record

**Attorney Name:**   Laura E. Smith

### Correspondent

**Correspondent Name/Address:**   LAURA E SMITH
KALOW & SPRINGUT LLP
488 MADISON AVE FL 19
NEW YORK, NEW YORK 10022-5706
UNITED STATES

**Phone:**   212-813-1600          **Fax:**   212-813-9600

### Domestic Representative

**Domestic Representative Name:**   Laura E. Smith          **Phone:**   212-813-1600

**Fax:**   212-813-9600

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Aug. 04, 2010 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Aug. 21, 2007 | REGISTERED-PRINCIPAL REGISTER | |
| Jul. 06, 2007 | EXTENSION OF TIME TO OPPOSE PROCESS - TERMINATED | |
| Feb. 20, 2007 | EXTENSION OF TIME TO OPPOSE RECEIVED | |
| Feb. 20, 2007 | PUBLISHED FOR OPPOSITION | |
| Jan. 31, 2007 | NOTICE OF PUBLICATION | |

| Dec. 29, 2006 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 74221 |
| Dec. 19, 2006 | ASSIGNED TO LIE | 74221 |
| Dec. 04, 2006 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Oct. 26, 2006 | AMENDMENT FROM APPLICANT ENTERED | 77978 |
| Sep. 22, 2006 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 77978 |
| Sep. 22, 2006 | PAPER RECEIVED | |
| Aug. 17, 2006 | NON-FINAL ACTION MAILED | |
| Aug. 16, 2006 | NON-FINAL ACTION WRITTEN | 78067 |
| Aug. 04, 2006 | ASSIGNED TO EXAMINER | 78067 |
| Apr. 05, 2006 | APPLICANT AMENDMENT PRIOR TO EXAMINATION - ENTERED | 67215 |
| Apr. 20, 2006 | NOTICE OF DESIGN SEARCH CODE MAILED | |
| Apr. 05, 2006 | PAPER RECEIVED | |
| Apr. 07, 2006 | NEW APPLICATION ENTERED IN TRAM | |

# TM Staff and Location Information

## TM Staff Information - None

## File Location

**Current Location:** PUBLICATION AND ISSUE SECTION    **Date in Location:** Aug. 21, 2007

# Assignment Abstract of Title Information

## Summary

**Total Assignments:** 1                    **Registrant:** Cartier International N.V.

**Assignment 1 of 1**

| | |
|---|---|
| **Conveyance:** | CHANGE OF NAME |
| **Reel/Frame:** | 4252/0184 |
| **Date Recorded:** | Aug. 02, 2010 |
| **Supporting Documents:** | assignment-tm-4252-0184.pdf |

**Pages:** 12

## Assignor

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL N.V. | **Execution Date:** | Dec. 14, 2009 |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | NETHERLANDS ANTILLES |

## Assignee

| | | | |
|---|---|---|---|
| **Name:** | CARTIER INTERNATIONAL A.G. | | |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | SWITZERLAND |
| **Address:** | HINTERBERGSTRASSE 22, POSTFACH 61 6312 STEINHAUSEN, SWITZERLAND | | |

## Correspondent

| | |
|---|---|
| **Correspondent Name:** | MILTON SPRINGUT |
| **Correspondent Address:** | 488 MADISON AVENUE 19 FL NEW YORK, NY 10022 |

## Domestic Representative - Not Found

# EXHIBIT D

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2012-11-09 14:06:23 EST |
| **Mark:** | VAN CLEEF & ARPELS |

*Van Cleef & Arpels*

| | | | |
|---|---|---|---|
| **US Serial Number:** | 73587444 | **Application Filing Date:** | Mar. 10, 1986 |
| **US Registration Number:** | 1415794 | **Registration Date:** | Nov. 04, 1986 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **Status:** | The registration has been renewed. | | |
| **Status Date:** | Jan. 06, 2007 | | |
| **Publication Date:** | Aug. 12, 1986 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | VAN CLEEF & ARPELS |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 5 - AN ILLUSTRATION DRAWING WITH WORD(S) /LETTER(S)/ NUMBER(S) INSTYLIZED FORM |

## Related Properties Information

| | |
|---|---|
| **Claimed Ownership of US Registrations:** | 0971523 |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- • Brackets [..] indicate deleted goods/services;
- • Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- • Asterisks *..* identify additional (new) wording in the goods/services.

|  |  |  |  |
|---|---|---|---|
| **For:** | JEWELRY AND WATCHES | | |
| **International Class:** | 014 - Primary Class | **U.S Class:** | 027, 028 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Mar. 1939 | **Use in Commerce:** | Mar. 1939 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | VAN CLEEF & ARPELS SA |
| **Owner Address:** | 8 ROUTE DE CHANDOLAN 1752 VILLARS-SUR-GLANE SWITZERLAND |
| **Legal Entity Type:** | CORPORATION |

**State or Country Where Organized:** SWITZERLAND

## Attorney/Correspondence Information

### Attorney of Record

| | |
|---|---|
| **Attorney Name:** | LAWRENCE ELI APOLZON |

### Correspondent

| | |
|---|---|
| **Correspondent Name/Address:** | LAWRENCE ELI APOLZON FROSS ZELNICK LEHRMAN & ZISSU PC 866 UNITED NATIONS PLZ 6TH FL NEW YORK, NEW YORK 10017 UNITED STATES |

**Phone:**    212-813-5900        **Fax:**    212-813-5901

### Domestic Representative

**Domestic Representative Name:**    FROSS ZELNICK LEHRMAN & ZISSU, P.C.

---

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Mar. 21, 2007 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Jan. 06, 2007 | REGISTERED AND RENEWED (FIRST RENEWAL - 10 YRS) | 75461 |
| Jan. 06, 2007 | REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED | |
| Dec. 21, 2006 | ASSIGNED TO PARALEGAL | 75461 |
| Oct. 20, 2006 | REGISTERED - COMBINED SECTION 8 (10-YR) & SEC. 9 FILED | |
| Oct. 20, 2006 | PAPER RECEIVED | |
| Sep. 26, 2006 | CASE FILE IN TICRS | |
| May 11, 2006 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Mar. 31, 1992 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. | |
| Dec. 13, 1991 | REGISTERED - SEC. 8 (6-YR) & SEC. 15 FILED | |
| Nov. 04, 1986 | REGISTERED-PRINCIPAL REGISTER | |
| Aug. 12, 1986 | PUBLISHED FOR OPPOSITION | |
| Jul. 13, 1986 | NOTICE OF PUBLICATION | |
| Jun. 05, 1986 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| May 28, 1986 | EXAMINER'S AMENDMENT MAILED | |
| May 07, 1986 | ASSIGNED TO EXAMINER | 65177 |

---

# Maintenance Filings or Post Registration Information

**Affidavit of Continued Use:**    Section 8 - Accepted

| | |
|---|---|
| **Affidavit of Incontestability:** | Section 15 - Accepted |
| **Renewal Date:** | Nov. 04, 2006 |

## TM Staff and Location Information

### TM Staff Information - None

### File Location

**Current Location:** POST REGISTRATION          **Date in Location:** Jan. 06, 2007

## Assignment Abstract of Title Information

### Summary

| | | | |
|---|---|---|---|
| **Total Assignments:** | 3 | **Registrant:** | VAN CLEEF & ARPELS, INC. |

**Assignment 1 of 3**

| | | | |
|---|---|---|---|
| **Conveyance:** | ASSIGNS THE ENTIRE INTEREST | | |
| **Reel/Frame:** | 2213/0242 | **Pages:** | 72 |
| **Date Recorded:** | Dec. 22, 2000 | | |
| **Supporting Documents:** | assignment-tm-2213-0242.pdf | | |

### Assignor

| | | | |
|---|---|---|---|
| **Name:** | VAN CLEEF & ARPELS, INC. | **Execution Date:** | Aug. 01, 2000 |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | NEW YORK |

### Assignee

| | | | |
|---|---|---|---|
| **Name:** | VAN CLEEF & ARPELS LOGISTICS SA | | |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | SWITZERLAND |
| **Address:** | ROUTE DE CHAMDOLAN 8 VILLARDS-SUR-GLANE, SWITZERLAND CH-1752 | | |

### Correspondent

| | |
|---|---|
| **Correspondent Name:** | GOTTLIEB, RACKMAN & REISMAN, P.C. |

| **Correspondent Address:** | GEORGE GOTTLIEB, ESQ.<br>270 MADISON AVENUE<br>NEW YORK, NY 10016-0601 |
|---|---|

### Domestic Representative - Not Found

---

## Assignment 2 of 3

| **Conveyance:** | CORRECTIVE ASSIGNMENT TO CORRECT THE ASSIGNEE ADDRESS AND DOMESTIC REPRESENTATIVE PREVIOUSLY RECORDED ON REEL 002213, FRAME 0242. | | |
|---|---|---|---|
| **Reel/Frame:** | 2312/0639 | **Pages:** | 78 |
| **Date Recorded:** | Jun. 06, 2001 | | |
| **Supporting Documents:** | assignment-tm-2312-0639.pdf | | |

### Assignor

| **Name:** | VAN CLEEP & ARPELS, INC. | **Execution Date:** | Aug. 01, 2000 |
|---|---|---|---|
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | NEW YORK |

### Assignee

| **Name:** | VAN CLEEF & ARPELS LOGISTICS SA | | |
|---|---|---|---|
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | SWITZERLAND |
| **Address:** | 8, ROUTE DE CHANDOLAN<br>1752 VILLARS-SUR-GLANE, SWITZERLAND | | |

### Correspondent

| **Correspondent Name:** | GOTTLIEB RACKMAN & REISMAN P.C. |
|---|---|
| **Correspondent Address:** | GEORGE GOTTIEB, ESQ.<br>270 MADISON AVENUE<br>NEW YORK, NEW YORK 10016-0601 |

### Domestic Representative - Not Found

---

## Assignment 3 of 3

| **Conveyance:** | CHANGE OF NAME | | |
|---|---|---|---|
| **Reel/Frame:** | 3503/0066 | **Pages:** | 3 |
| **Date Recorded:** | Mar. 19, 2007 | | |
| **Supporting** | assignment-tm-3503-0066.pdf | | |

**Documents:** _____

## Assignor

**Name:** VAN CLEEF & ARPELS
LOGISTICS S.A.

**Execution Date:** Nov. 23, 2006

**Legal Entity Type:** CORPORATION

**State or Country
Where
Organized:** SWITZERLAND

## Assignee

**Name:** VAN CLEEF & ARPELS SA

**Legal Entity Type:** CORPORATION

**State or Country
Where
Organized:** SWITZERLAND

**Address:** 8 ROUTE DE CHANDOLAN
1752 VILLARS-SUR-GLANE, SWITZERLAND

## Correspondent

**Correspondent
Name:** LAWRENCE ELI APOLZON

**Correspondent
Address:** FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 UNITED NATIONS PLAZA
NEW YORK, NY 10017

## Domestic Representative - Not Found

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2012-11-09 14:06:42 EST |
| **Mark:** | VAN CLEEF & ARPELS |

## VAN CLEEF & ARPELS

| | | | |
|---|---|---|---|
| **US Serial Number:** | 78367577 | **Application Filing Date:** | Feb. 13, 2004 |
| **US Registration Number:** | 2936247 | **Registration Date:** | Mar. 29, 2005 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark, Service Mark | | |
| **Status:** | A Sections 8 and 15 combined declaration has been accepted and acknowledged. | | |
| **Status Date:** | Mar. 16, 2011 | | |
| **Publication Date:** | Jan. 04, 2005 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | VAN CLEEF & ARPELS |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |

## Related Properties Information

| | |
|---|---|
| **Claimed Ownership of US Registrations:** | 0971523,1415794,2114588,and others |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- • Brackets [..] indicate deleted goods/services;
- • Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit

of incontestability; and

- • Asterisks *..* identify additional (new) wording in the goods/services.

| | |
|---|---|
| **For:** | items made of precious metal, namely, rings, bracelets, earrings, necklaces, pendants, charms, brooches, clips, hairclips, jewelry boxes, jewelry cases, [ tie clips, cufflinks, shirt studs, ] watch bracelets and buckles; jewelry, watches and clocks |

| | | | |
|---|---|---|---|
| **International Class:** | 014 - Primary Class | **U.S Class:** | 002, 027, 028, 050 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Mar. 1939 | **Use in Commerce:** | Mar. 1939 |

| | |
|---|---|
| **For:** | retail shops featuring jewelry and watches |

| | | | |
|---|---|---|---|
| **International Class:** | 035 - Primary Class | **U.S Class:** | 100, 101, 102 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Oct. 1940 | **Use in Commerce:** | Oct. 1940 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | VAN CLEEF & ARPELS SA |
| **Owner Address:** | 8 ROUTE DE CHANDOLAN 1752 VILLARS-SUR-GLANE SWITZERLAND |

**State or Country**

| **Legal Entity Type:** | CORPORATION | **Where Organized:** | SWITZERLAND |
|---|---|---|---|

## Attorney/Correspondence Information

### Attorney of Record

| **Attorney Name:** | Lawrence E. Apolzon | **Docket Number:** | VCA 0308919 |
|---|---|---|---|

### Correspondent

| **Correspondent Name/Address:** | LAWRENCE E APOLZON<br>FROSS ZELNICK LEHRMAN & ZISSU PC<br>866 UNITED NATIONS PLZ<br>NEW YORK, NEW YORK 10017<br>UNITED STATES |
|---|---|

### Domestic Representative

| **Domestic Representative Name:** | FROSS ZELNICK LEHRMAN & ZISSU, P.C. |
|---|---|

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Mar. 16, 2011 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. | 68335 |
| Mar. 16, 2011 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | 68335 |
| Feb. 28, 2011 | TEAS SECTION 8 & 15 RECEIVED | |
| Mar. 21, 2007 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Mar. 29, 2005 | REGISTERED-PRINCIPAL REGISTER | |
| Jan. 04, 2005 | PUBLISHED FOR OPPOSITION | |
| Dec. 15, 2004 | NOTICE OF PUBLICATION | |
| Nov. 02, 2004 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 78145 |
| Nov. 02, 2004 | ASSIGNED TO LIE | 78145 |
| Nov. 02, 2004 | ASSIGNED TO LIE | 78145 |
| Oct. 14, 2004 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Oct. 08, 2004 | AMENDMENT FROM APPLICANT ENTERED | 73793 |

| | | |
|---|---|---|
| Sep. 22, 2004 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 73793 |
| Sep. 22, 2004 | PAPER RECEIVED | |
| Sep. 07, 2004 | NON-FINAL ACTION MAILED | |
| Sep. 07, 2004 | NON-FINAL ACTION WRITTEN | 65720 |
| Sep. 05, 2004 | ASSIGNED TO EXAMINER | 65720 |
| Feb. 26, 2004 | NEW APPLICATION ENTERED IN TRAM | |

## Maintenance Filings or Post Registration Information

| | |
|---|---|
| **Affidavit of Continued Use:** | Section 8 - Accepted |
| **Affidavit of Incontestability:** | Section 15 - Accepted |

## TM Staff and Location Information

### TM Staff Information - None

### File Location

| | | | |
|---|---|---|---|
| **Current Location:** | TMO LAW OFFICE 116 | **Date in Location:** | Mar. 16, 2011 |

## Assignment Abstract of Title Information

### Summary

| | | | |
|---|---|---|---|
| **Total Assignments:** | 1 | **Registrant:** | Van Cleef & Arpels Logistics S.A. |

**Assignment 1 of 1**

| | | | |
|---|---|---|---|
| **Conveyance:** | CHANGE OF NAME | | |
| **Reel/Frame:** | 3503/0066 | **Pages:** | 3 |
| **Date Recorded:** | Mar. 19, 2007 | | |
| **Supporting Documents:** | assignment-tm-3503-0066.pdf | | |

### Assignor

| | | | |
|---|---|---|---|
| **Name:** | VAN CLEEF & ARPELS LOGISTICS S.A. | **Execution Date:** | Nov. 23, 2006 |
| **Legal Entity Type:** | CORPORATION | **State or Country Where** | SWITZERLAND |

**Organized:**

## Assignee

**Name:**     VAN CLEEF & ARPELS SA

| | | | |
|---|---|---|---|
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | SWITZERLAND |

**Address:**     8 ROUTE DE CHANDOLAN
1752 VILLARS-SUR-GLANE, SWITZERLAND

## Correspondent

**Correspondent Name:**     LAWRENCE ELI APOLZON

**Correspondent Address:**     FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 UNITED NATIONS PLAZA
NEW YORK, NY 10017

## Domestic Representative - Not Found

Generated on 2012-11-09T14:07:00.373-05:00

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2012-11-09 14:07:00 EST |
| **Mark:** | VC A |



| | | | |
|---|---|---|---|
| **US Serial Number:** | 76368105 | **Application Filing Date:** | Feb. 07, 2002 |
| **US Registration Number:** | 2692672 | **Registration Date:** | Mar. 04, 2003 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **Status:** | A Sections 8 and 15 combined declaration has been accepted and acknowledged. | | |
| **Status Date:** | May 22, 2008 | | |
| **Publication Date:** | Dec. 10, 2002 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | VC A |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 3 - AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S)/NUMBER(S) |
| **Description of Mark:** | The mark consists of the letters "VCA" and a stylized design of the famous column of "LA PLACE VENDOME" in Paris. |
| **Color(s) Claimed:** | Color is not claimed as a feature of the mark. |
| **Lining and Stippling Statement:** | The lining in the drawing is a feature of the mark. |
| **Design Search Code(s):** | 17.03.04 - Bars, gold;Gold bars;Ingot (bar or block of precious or non-precious metal);Ingots<br>26.07.21 - Diamonds that are completely or partially shaded |

# Related Properties Information

**Claimed Ownership
of US Registrations:**   1584572

---

# Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- • Brackets [..] indicate deleted goods/services;
- • Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- • Asterisks *..* identify additional (new) wording in the goods/services.

|  |  |
|---|---|
| **For:** | [Precious metals and their alloys sold in bulk;] goods made of precious metals or coated therewith, namely, [ studs for ties, shirts, collars and tuxedos ], button covers, hair ornaments, headbands, buckles,[ money clips, keys, key chains] ; jewelry, precious stones, [ phonological and chronometrical ] * horological and chronometric * instruments, namely, chronometers, chronographs for use as watches; necklaces; chains, clips, ear clips, stud earrings, rings and pendants, all being jewelry; watches, watch bracelets, clocks; [ cufflinks ] |

| | | | |
|---|---|---|---|
| **International Class:** | 014 - Primary Class | **U.S Class:** | 002, 027, 028, 050 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Dec. 01, 1939 | **Use in Commerce:** | Dec. 01, 1939 |

---

# Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

---

# Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | VAN CLEEF & ARPELS SA |
| **Owner Address:** | 8, ROUTE DE BICHES<br>1752 VILLARS-SUR-GLANE, CHX<br>SWITZERLAND |

| | | | |
|---|---|---|---|
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | SWITZERLAND |

## Attorney/Correspondence Information

### Attorney of Record

| | | | |
|---|---|---|---|
| **Attorney Name:** | Lawrence E. Apolzon | **Docket Number:** | VCA 08/06520 |

### Correspondent

| | |
|---|---|
| **Correspondent Name/Address:** | Lawrence E. Apolzon<br>Fross Zelnick Lehrman & Zissu, P.C.<br>866 United Nations Plaza<br>NEW YORK, NEW YORK 10017<br>UNITED STATES |

### Domestic Representative

| | |
|---|---|
| **Domestic Representative Name:** | Fross Zelnick Lehrman & Zissu, P.C. |

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Aug. 25, 2012 | AMENDMENT UNDER SECTION 7 - ISSUED | 69471 |
| Aug. 23, 2012 | SEC 7 REQUEST FILED | 69471 |
| Aug. 25, 2012 | CERTIFICATE OF CORRECTION ISSUED | 69471 |
| Aug. 24, 2012 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | 69471 |
| Aug. 23, 2012 | TEAS SECTION 7 REQUEST RECEIVED | |
| Jul. 17, 2008 | CASE FILE IN TICRS | |
| May 22, 2008 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. | 68335 |
| May 13, 2008 | ASSIGNED TO PARALEGAL | 68335 |
| Apr. 29, 2008 | TEAS SECTION 8 & 15 RECEIVED | |

| Mar. 21, 2007 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Mar. 04, 2003 | REGISTERED-PRINCIPAL REGISTER | |
| Dec. 10, 2002 | PUBLISHED FOR OPPOSITION | |
| Nov. 20, 2002 | NOTICE OF PUBLICATION | |
| Sep. 10, 2002 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Aug. 12, 2002 | CORRESPONDENCE RECEIVED IN LAW OFFICE | |
| Aug. 12, 2002 | PAPER RECEIVED | |
| Jun. 03, 2002 | NON-FINAL ACTION MAILED | |
| May 17, 2002 | ASSIGNED TO EXAMINER | 72153 |

## Maintenance Filings or Post Registration Information

| | |
|---|---|
| **Affidavit of Continued Use:** | Section 8 - Accepted |
| **Affidavit of Incontestability:** | Section 15 - Accepted |
| **Change in Registration:** | Yes |
| **Amendment to a Registration/Renewal Certificate:** | In the statement, Column 2, line 3, "2001" is deleted, and 1939 is inserted. |
| **Correction made to Registration:** | In the statement, Column 1, line 12, " phonological and chronometrical" should be deleted, and horological and chronometric should be inserted. In the statement, Column 1, line 11, before JEWELRY, ; should be inserted. |

## TM Staff and Location Information

### TM Staff Information - None

### File Location

**Current Location:** POST REGISTRATION          **Date in Location:** Oct. 04, 2012

## Assignment Abstract of Title Information

### Summary

| | | | |
|---|---|---|---|
| **Total Assignments:** | 1 | **Registrant:** | VAN CLEEF & ARPELS LOGISTICS S. A. |

**Assignment 1 of 1**

| | |
|---|---|
| **Conveyance:** | CHANGE OF NAME |
| **Reel/Frame:** | 3503/0066 |
| **Date Recorded:** | Mar. 19, 2007 |
| **Supporting Documents:** | assignment-tm-3503-0066.pdf |

**Pages:** 3

### Assignor

| | | | |
|---|---|---|---|
| **Name:** | VAN CLEEF & ARPELS LOGISTICS S.A. | **Execution Date:** | Nov. 23, 2006 |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | SWITZERLAND |

### Assignee

| | | | |
|---|---|---|---|
| **Name:** | VAN CLEEF & ARPELS SA | | |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | SWITZERLAND |
| **Address:** | 8 ROUTE DE CHANDOLAN 1752 VILLARS-SUR-GLANE, SWITZERLAND | | |

### Correspondent

| | |
|---|---|
| **Correspondent Name:** | LAWRENCE ELI APOLZON |
| **Correspondent Address:** | FROSS ZELNICK LEHRMAN & ZISSU, P.C. 866 UNITED NATIONS PLAZA NEW YORK, NY 10017 |

### Domestic Representative - Not Found

EXHIBIT E



Chanel
Chopard
Corum
De Grisogono
Dewitt
Ebel
F.P. Journe
Girard Perregaux
Graham
Harry Winston
Hublot
IWC
Jacob & Co.
Jaeger-LeCoultre
Jaquet Droz
Michele
Movado
Officine Panerai
Patek Philippe
Piaget
Raymond Weil
Richard Mille

# Motion in Time, Inc.

## Super Exclusive & Extremely Rare

## BRAND NEW RARE & EXOTIC SPECIAL EDITION

## Van Cleef & Arpels Ladies' Poetic Complications

## 100th Anniversary Centenaire "Four Seasons"

## White Gold Diamond 36mm Rare Boutique Limited Edition!

## * * You WILL NOT See Many of These Around! * *

## EXCLUSIVE MANUFACTURED TIMEPIECES

### Brand New Complete with Box & Papers

### Reference No. Ladies' Centenaire "Four Seasons"

### BUY IT NOW FOR $84,995

### OR MAKE OFFER!!

## Watch Description

Exotic - Rare - And Absolutely Breathtaking! Super Exclusive Poetic Complications from Van Cleef & Arpels.
A powerful & striking watch - will definitely draw attention & makes for a great conversation piece.

This watch features:

Van Cleef & Arpels Ladies' Centenaire "Four Seasons" in 18kt White Gold with Round Brilliant Diamond Bezel & Inner Ring. This Magnificent Masterpiece features a gorgeous Mother-of-Pearl & Painted Enamel Dial. This watch is a RARE 100th Anniversary Edition Limited Edition with a Skeleton Back and a Blue Crocodile Strap with White Gold Diamond Buckle, 36mm.

In order to celebrate its 100th anniversary, jeweller Van Cleef & Arpels has created the Lady Arpels Centenaire. The large case (which measures 36mm) was designed by Pierre Arpels in 1949. Its central decoration is also inspired by the same 1949 model. It is crafted out of 18kt white gold. The watch face represents the four seasons and is composed of two separate sections. The first is a natural white mother-of-pearl disk which rotates around the dial every three months, with a second part, which is hand-painted enamel, that shows a garden which represents the four seasons.

A 36 mm diameter case, in white gold, sapphire crystal, satin strap with "ardillon" buckle, crimped with diamonds. Movement with complication, based on a mechanical movement : turning disc on an imperceptible way : "Le Quantième de Saisons".

Combining stylistic inventiveness and technical virtuosity, Van Cleef & Arpels Poetic Complications are genuine marvels that don't just measure time but also evoke its poetic dimension.

**100% GUARANTEED AUTHENTIC WITH A 2 YEAR EXTENDED WARRANTY!**

## PLEASE ALSO CHECK OUR OTHER ITEMS...

All of the watches we list are in stock and available for overnight delivery or same day pick up from our New York City store.

If you are interested in a watch or diamond, and do not see it posted,  please feel free to either email or call us. Chances are we have what you are looking for in stock...

**E-Mail or Call ~ HAPPY BIDDING.**

Motion in Time is not affiliated with Van Cleef & Arpels  & is not an official Van Cleef & Arpels Dealer.

Motion in Time, Inc. is not affiliated with Van Cleef & Arpels, or any other watch company, and is not an official Van Cleef & Arpels Jeweler. Van Cleef & Arpels's warranty no longer attaches. Motion in Time, Inc. is the sole warrantor of these watches. Motion in Time, Inc. is not affiliated with any watch maker. All watches and watch items sold are preowned.

We do not ship to Indonesia or Malaysia. Please don't bid on any items.

Import duties, taxes, and charges are NOT INCLUDED in the item price or shipping charges. These charges are the buyer's responsibility. Please check with your country's customs office to determine what these additional costs will be prior to bidding / buying. These charges are normally collected by the delivering freight (shipping) company or when you pick the item up; do not confuse them for additional shipping charges. We do not mark merchandise values below value or mark items as "gifts". U.S. and International government regulations prohibit such behavior.

We reserve the right to use the most secure shipping method and/or company to ship your purchase. Calculated shipping and insurance is an estimate only and may not reflect the actual cost of shipping and insurance. Once we have your shipping address, we can give you an exact cost for shipping and insurance. If you would like this information prior to bidding, please contact us.

## CHECK OUR OTHER AUCTIONS FOR MORE GREAT DEALS!

-------------------------------------------------------

**Why Buy From Us?**

**BID WITH CONFIDENCE!**

\* *Motion in Time* **is a full-service watch and jewelry store located at 56 West 47th Street, New York, NY 10036 (Between 5th & 6th Avenues).**

\* Be confident when buying from us ~ We are wholesalers of the world's finest wristwatches and sell  brands ranging from Patek Philippe to Movado.

\* We are members of the International Watch & Jewelry Guild (IWJG)

\* We give an extended two-year warranty on all watches purchased.

\* We are located in the Heart of the New York Diamond District in Manhattan.

Our main goal is a simple one: **"Treat our clients as we would like to treated ourselves"**

\* We have an actual store where you can come in and try on the watch prior to bidding! That's right..... All the watches we list on E-Bay are not watches that we are brokering. Everything we have listed are watches that we have in stock ready to be shipped once the auction ends.

-------------------------------------------------------------------------------

**Payment Methods:**

**Credit Cards:** We accept Visa/MasterCard, American Express (If paying with Credit Card, you must be within the United States and your billing and ship to address must be the same)

**PayPal:** PayPal users must be Verified and Confirmed. **Regarding PayPal**

**Payments:** We will only ship to the PayPal confirmed address. It is a requirement of PayPal in order to meet their protection policy. By adhering to their safety regulations, we are able to conduct safer business and as a result sell our items at lower prices.

**Wire Transfer:** We accept payment via Bank Wire Transfer

All items shipped within New York State will incur an 8.875% sales tax.



Powered by Selling Manager Pro



### Questions and answers about this item

No questions or answers have been posted about this item.

Ask a question

Thanks for looking!

## See what other people are watching

Feedback on our suggestions



Invicta Signature II
Russian Diver...
**$79.99**
*Free shipping*
See suggestions



WATER QUARTZ
HOUR DATE DIAL D...
**$13.99**
*Free shipping*
See suggestions



Patek Philippe
Calatrava 3653
**$4,605.00**

See suggestions



Rare 18k Gold 1964
Patek Philippe 3445...
**$5,300.00**
*Free shipping*
See suggestions



CASIO MRW200H-1BV
MENS 100M BLACK...
**$19.95**

See suggestions

Back to home page                                                      Return to top

About eBay   Community   Announcements   Security Center   Policies   Site Map   eBay official time   Preview new features   Contact us   Tell us what you think

Copyright © 1995-2012 eBay Inc. All Rights Reserved. User Agreement and Privacy Policy.

11:13:36 AM 11/2/2012