USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Apr 05, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
    :
CARTIER INTERNATIONAL AG ET AL.,   :
    :    12 Civ. 8216 (JMF)
                   Plaintiffs,   :
    :    MEMORANDUM
                 -v-   :    OPINION AND ORDER
    :
MOTION IN TIME, INC. ET AL.,   :
    :
                 Defendants.   :
    :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On December 26, 2012, Plaintiffs and Counter-Defendants Cartier International AG, Cartier, Van Cleef & Arpels, S.A., and Van Cleef & Arpels (collectively "Plaintiffs") filed a motion to dismiss the first and second counterclaims pleaded by Defendant Motion in Time, Inc. ("Defendant") and to strike certain affirmative defenses. By Order dated January 2, 2013, the Court instructed Defendant that it had until January 22, 2013, to file an amended answer, and cautioned that Defendant would not be given "any further opportunity to amend its pleading to address issues raised by the motion to dismiss and to strike." (Docket No. 9). This date was later extended to February 5, 2013. (Docket No. 10). On February 5, 2013, Defendant filed an amended answer, which contained one counterclaim and five affirmative defenses. (Docket No. 11). On February 26, 2013, Plaintiffs filed a new motion to dismiss Defendant's counterclaim and to strike Defendant's second affirmative defense. (Docket No. 12). By Order dated February 27, 2013, the Court directed that Defendant's opposition to the motion was to be filed no later than March 13, 2013. (Docket No. 15). By letter dated March 13, 2013, Defendant requested a one-week extension of its time to file its opposition, which the Court granted. (Docket No. 16). To date, however, the Court has received neither Defendant's opposition to

Plaintiffs' motion nor any other communication from the parties. For the reasons stated below, Plaintiffs' motion to dismiss Defendant's counterclaim and to strike Defendant's second affirmative defense is GRANTED as unopposed.

## DISCUSSION

### A. Defendant's Counterclaim

In its counterclaim, entitled "Trade Disparagement," Defendant alleges that Plaintiffs are "intentionally and maliciously disparaging the good will and reputation of defendant by disseminating to the public in the State of New York and elsewhere, by filing the within action, that plaintiffs knew, or by exercise of reasonable care, should have known, are untrue and misleading." (Am. Answer ¶ 27). Defendant further alleges that "[a]s a direct and proximate result of plaintiff filing the complaint, an article appeared in the *New York Post,* which contained information directly from the complaint, but also set forth speculative reasons for defendant's involvement in this matter." (*Id.* ¶ 28). This article, Defendant contends, "caused defendant a loss of business." (*Id.*). Plaintiffs have moved to dismiss Defendant's counterclaim in its entirety for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

The same pleading standard that applies to complaints also applies to counterclaims. *See Feingold v. Chrismas*, 818 F. Supp. 2d 763, 768 (S.D.N.Y. 2011). Accordingly, to survive a motion to dismiss under Rule 12(b)(6), Defendant's counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss . . . the court is to accept as true all facts alleged [in the counterclaim]." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).

Moreover, the Court must "draw all reasonable inferences" in favor of the non-moving party. *Id.* Here, it is unclear whether Defendant intends to state a counterclaim for trade disparagement under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), or for trade libel under New York common law. Under either theory, however, Defendant's counterclaim fails to state a claim.

The Lanham Act provides a statutory cause of action for trade disparagement when a party makes "false or misleading descriptions or false or misleading representations of fact made about one's own or another's goods or services" in "commercial advertising or promotion." *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 238 (2d Cir. 2001) (internal quotation marks omitted); *see* 15 U.S.C. § 1125(a)(1)(B). For a statement to constitute "commercial advertising or promotion," it must be: (1) commercial speech; (2) intended to "influenc[e] consumers to buy defendant's goods or services"; and (3) "disseminated sufficiently to the relevant purchasing public." *Boule v. Hutton*, 328 F.3d 84, 90 (2d Cir. 2003) (internal quotation marks omitted). "Commercial speech" is defined as "speech which does no more than propose a commercial transaction." *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 422 (1993) (internal quotation marks omitted). Here, neither the Complaint nor the newspaper article are commercial speech, and therefore they cannot be the basis for a trade disparagement claim under the Lanham Act. *See Gmurzynska v. Hutton*, 355 F.3d 206, 210-11 (2d Cir. 2004) (explaining that news or magazine articles are generally not considered commercial advertising but instead are considered speech "granted full protection under the First Amendment"); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 09 Civ. 1432 (DC), 2010 WL 157494, at *11 (S.D.N.Y. Jan. 19, 2010) (dismissing plaintiff's trade disparagement claim because statements in a newspaper article were not attributable to the defendant and were not commercial speech), *aff'd in relevant part by* 647 F.3d 419 (2d Cir. 2011).

If Defendant's counterclaim is considered a claim for trade libel, as Plaintiffs assert, it also fails. The tort of trade libel consists of the "knowing publication of false matter derogatory to the [Defendant's] business of a kind calculated to prevent others from dealing with the business or otherwise interfering with its relation with others, to its detriment." *Esbin & Alter, LLP v. Zappier*, No. 08 Civ. 313 (RWS), 2011 WL 940228, at *4 (S.D.N.Y. Mar. 17, 2011) (internal quotation marks omitted). A trade libel claim cannot be based on any statements made in Plaintiffs' Complaint in this action, as these statements are protected by the judicial proceedings privilege. *See World Wrestling Fed'n Entm't, Inc. v. Bozell*, 142 F. Supp. 2d 514, 534 (S.D.N.Y. 2001) (explaining that "[u]nder New York law, in the context of a legal proceeding, statements by parties and their attorneys are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation" (internal quotation marks and emphasis omitted)).

Further, Defendant's allegations related to the newspaper article do not contain a sufficient factual basis to state a claim for trade libel. Although Defendant asserts that "[a]s a direct and proximate result of plaintiff filing the complaint, an article appeared in the *New York Post,* which . . . set forth speculative reasons for defendant's involvement in this matter," Defendant has not alleged that any statements in the article are attributable to Plaintiffs. (Am. Answer ¶ 28). And even assuming the statements were attributable to Plaintiffs, Defendant has "failed to show malice and failed to allege any facts plausibly giving rise to a reasonable inference of such intentional calculation" on the part of Plaintiffs. *Chao v. Mount Sinai Hosp.*, No. 10 Civ. 2869 (HB), 2010 WL 5222118, at *12 (S.D.N.Y. Dec. 17, 2010) (citing *Iqbal*, 556 U.S. at 677); *see also Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, 796 F. Supp. 2d 458, 471 (S.D.N.Y. 2011) (noting that "[i]t is common for

parties to commercial litigation to release statements to the press and such statements are non-actionable statements of opinion as to the probable outcome of the litigation"). Accordingly, Defendant's counterclaim for trade disparagement is dismissed.

**B. Defendant's Second Affirmative Defense**

Plaintiffs have also moved pursuant to Federal Rule of Civil Procedure 12(f) to strike Defendant's second affirmative defense, which, in its entirety, alleges that "Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands and entrapment." (Am. Answer ¶ 11). Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In assessing the sufficiency of an affirmative defense, the Court "should construe 'the pleadings liberally to give the defendant a full opportunity to support its claims at trial, after full discovery has been made.'" *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010) (quoting *S.E.C. v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999)). A motion to strike an affirmative defense "is not favored and will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986) (quoting *Durham Indus., Inc. v. N. River Ins. Co.*, 482 F. Supp. 910, 913 (S.D.N.Y.1979)). However, "conclusory assertions, absent any supporting factual allegations are insufficient as a matter of law." *Kmart*, 756 F. Supp. 2d at 425. The existence of "some unknown and hypothetical set of facts that could support these defenses" will not create a question of fact. *Id.* at 426.

Here, Defendant pleads in conclusory terms that Plaintiffs' claims are barred by the doctrines of unclean hands and entrapment. (Am. Answer ¶ 11). As an intial matter, "[u]nder

New York law, entrapment is a defense only to criminal charges and has no applicability" in a civil lawsuit. *Grasso v. Forrest Edward Emp't Servs.*, No. 01 Civ. 3263 (AKH), 2002 WL 989528, at *9 (S.D.N.Y. May 15, 2002). Further, the law is clear that the "mere recitation of the legal buzzwords" is not sufficient to state a valid counterclaim for unclean hands. *In re Beacon Assoc. Litig.*, No. 09 Civ. 777 (LBS) (AJP), 2011 WL 3586129, at *1 (S.D.N.Y. Aug. 11, 2011) (internal quotation marks omitted) (collecting cases); *see also Obabueki v. Int'l Bus. Machs. Corp.*, 145 F. Supp. 2d 371, 401 (S.D.N.Y. 2001) ("Pleading the words 'unclean hands' without more . . . is not a sufficient statement of such defense."). Because Defendant's Answer offers no indication of how the doctrines of unclean hands and entrapment would bar Plaintiffs' claims, the motion to strike Defendant's second affirmative defense is granted. *See Daiwa Special Asset Corp. v. Desnick*, No. 00 Civ. 3856 (SHS), 2002 WL 1997922, at *12 (S.D.N.Y. Aug. 29, 2002) (striking the unclean hands defense because "mere pleading of the defense . . . without more is insufficient").

## CONCLUSION

For the foregoing reasons, Plaintiffs' unopposed motion to dismiss Defendant's counterclaim and to strike Defendant's second affirmative defense is GRANTED.

The Clerk of Court is directed to terminate the motion. (Docket No. 12).

SO ORDERED.

Dated: April 5, 2013
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　JESSE M. FURMAN
　　　　　　　　　　　　　　　　　　　　United States District Judge